UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELASTICSEARCH, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FLORAGUNN GMBH,<br><br>Defendant. | Case No. 19-cv-05553-YGR   (AGT)<br><br>**ORDER REGARDING DEPOSITION DISCOVERY DISPUTE**<br><br>Re: ECF Nos. 84, 93 |

Plaintiffs Elasticsearch, Inc. and Elasticsearch B.V. (collectively, "Elastic") and defendant floragunn GmbH filed an updated joint discovery letter regarding their dispute about whether two foreign witnesses associated with floragunn, Mikael Gustavsson and Sergii Bondarenko, are floragunn's managing agents such that they are subject to deposition by notice under Federal Rule of Civil Procedure 30(b)(1). ECF No. 84. floragunn argues that Gustavsson and Bondarenko are not managing agents but rather "freelance programmers" over whom floragunn has no control; Elastic disagrees, and asks the Court to order floragunn to make both witnesses available for deposition pursuant to Rule 30 and, if they do not appear, to impose sanctions.

After reviewing the joint letter, the Court ordered the parties to submit further evidence and briefing regarding the dispute, ECF No. 87, which they timely filed, ECF Nos. 88, 89, 93. Having considered the supplemental submissions and for the reasons that follow, the Court grants Elastic's request to compel the depositions, but denies its request for non-appearance sanctions without prejudice to renewal if and when that issue becomes ripe.

\\

\\

"Only a party to litigation may be compelled to give testimony pursuant to a notice of deposition"; non-party witnesses must be subpoenaed. *Botell v. United States*, No. 11-cv-1545-GEB, 2013 WL 360410, at *3 (E.D. Cal. Jan. 29, 2013). Under Rule 30(b)(1), if the party is a corporation, "the notice compels it to produce any 'officer, director or managing agent' named in the deposition notice." *Adobe Sys. Inc. v. A & S Elecs., Inc.*, No. 15-cv-2288-SBA (EDL), 2016 WL 8222618, at *2 (N.D. Cal. June 30, 2016) (citation omitted); *see also* Fed. R. Civ. P. 37(d)(1)(A)(i) (permitting sanctions where a corporate party's officer, director, or managing agent fails, after being served with proper notice, to appear for deposition). The same rules apply to witnesses located in other countries: if a foreign witness is an officer, director, or managing agent of a corporate opponent, they may be deposed via notice; if they are not, "the party seeking the deposition must utilize the procedures of the Hague Convention or other applicable treaty" to secure their attendance. *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-2420-YGR (DMR), 2015 WL 5440789, at *5 (N.D. Cal. Sept. 15, 2015).

Courts generally consider the following factors to determine if a proposed witness is a managing agent:

> (1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; (4) the general responsibilities of the individual *respecting the matters involved in the litigation.*

*Id.* (quoting *Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 632 (D. Idaho 2012)). Moreover, "where the question is whether the deposition should occur, as opposed to whether the corporation may ultimately be bound by the employee's statements[,] . . . the witness's likely 'identification with the interests of the employer'—is said to be the 'paramount test.'" *Id.* (citation omitted). At the discovery stage, "all doubts are to be resolved in favor of the party seeking discovery." *Id.* Thus, if there is "at least a 'close question' as to the managing agent status of a potential witness, doubts should be resolved in favor of allowing the deposition, with the final determination of whether the agent has the ability to bind the corporation to be left for trial." *Id.*

Here, it is undisputed that the witnesses at issue, floragunn's "freelance programmers" Gustavsson and Bondarenko, wrote four source code segments for floragunn that Elastic alleges infringe its copyrights.[1] ECF No. 84 at 1. Both witnesses have longstanding and ongoing contractual relationships with floragunn—Gustavsson has worked continuously for floragunn for three years, 24 hours per week, and Bondarenko for over two years, 40 hours per week—and they both renewed their freelance employment contracts with floragunn last year. *Id.* at 1, 4–5. Yet floragunn maintains it has "no control over [these] witnesses" and argues that Elastic has not demonstrated that they are managing agents under the four relevant factors. *Id.* at 1. The Court disagrees.

As to the first factor, Elastic has offered evidence—namely, the March 2, 2021, deposition testimony of floragunn managing director and CEO Jochen Kressin—indicating that Gustavsson and Bondarenko had discretion to act on floragunn's behalf in developing and publishing the accused source code. Specifically, Kressin testified that these witnesses created portions of the specific code accused in Elastic's complaint and that they committed that code "to the public repository" without review by anyone at floragunn. *See* ECF No. 84-3, Ex. C at 208:21–24, 209:6–17; ECF No. 84-4, Ex. D at 240:8–24, 246:18–247:2. Kressin also testified that no one at floragunn "gave specific instructions" to either witness "as to how to write" the allegedly infringing code, and it was up to the witnesses to use their "best judgment" to figure out how to implement it. *See id.* and Ex. C at 208:1–20. While Kressin may have had the authority to decide which code was ultimately included in *released* versions of floragunn's product, ECF No. 84 at 2, his deposition testimony reflects that Gustavsson and Bondarenko had de facto authority to publish, at their discretion, the four code segments at issue here.

floragunn argues that "the second factor is dispositive" because Gustavsson and

---

[1] Elastic has accused 19 floragunn code segments of infringing Elastic's copyrights. *See* ECF No. 84 at 1, 4. Of the 19 accused code segments, Gustavsson wrote two, Bondarenko wrote two, and another floragunn programmer, Hendrik Saly, who apparently "could not be deposed because he [has been] on [confidential] leave continuously since March 2020," wrote 12. *Id.* at 4–5. Elastic emphasizes Saly's purported unavailability in connection with its contention that floragunn's refusal to produce Gustavsson and Bondarenko "means it will not produce the 'creators' of 16 [of] the 19 different code segments accused by Elastic." *Id.* at 4.

1   Bondarenko "have declined to agree to appear for deposition" even though floragunn has asked
2   them to, and that "by rejecting floragunn's request that they appear for the noticed depositions,
3   [the witnesses] have demonstrated that they do not identify with floragunn's interests." *Id.* Given
4   the lack of detail in the joint letter regarding floragunn's purported attempts to secure deposition
5   attendance, the Court ordered floragunn to submit declarations detailing its efforts to secure the
6   witnesses' cooperation in discovery and appearance at depositions. ECF No. 87. Neither
7   declaration provided by floragunn indicates that the witnesses were informed that their refusal to
8   appear could lead to sanctions against floragunn. *See* ECF Nos. 88, 89. Nor is it clear that the
9   witnesses would remain unwilling to appear if floragunn was required to produce them.[2] *See*
10  *Schindler Elevator Corp. v. Otis Elevator Co.*, No. 06-cv-5377-CM (THK), 2007 WL 1771509, at
11  *5 (S.D.N.Y. June 18, 2007) ("[W]hile [the witness] may state now that he would no longer
12  appear [for deposition], his willingness should be distinguished from the question of whether he
13  would, if Plaintiffs were required to produce him, appear for a deposition."). Indeed, Bondarenko,
14  in response to Kressin's email requesting "on behalf of floragunn" that he "participate in the
15  deposition" that "Elastic has requested [he] appear at," simply wrote back, "I *don't want to*
16  participate in the deposition." ECF No. 89-2 at 2 (emphasis added).
17      Finally, the third and fourth factors also support a finding that Gustavsson and Bondarenko
18  are floragunn's managing agents. Even if a proposed witness "may not be considered a managing
19  agent of the corporation in general, [they] may be considered such an agent for the purpose of
20  giving testimony on a particular topic." *Symantec Corp. v. Acronis, Inc.*, No. 11-cv-5310-EMC
21  (JSC), 2013 WL 503612, at *4 (N.D. Cal. Feb. 8, 2013). Here, as noted, Gustavsson and
22  Bondarenko each created two of the 19 accused code segments at issue, and their responsibilities

---

[2] floragunn argues that neither witness is contractually obligated, pursuant to their freelance agreements with floragunn, to "appear in legal proceedings." ECF No. 84 at 2. But even if that is true, at a minimum, their operative agreements with floragunn obligate them to "cooperate in any investigations into violations" of floragunn's Code of Conduct, which prohibits "prejudic[ing] the intellectual property rights of others." *Id.* at 4. And, as Elastic points out, floragunn had the opportunity after this litigation was pending and floragunn had disclosed Gustavsson and Bondarenko in its initial disclosures in December 2019 to impose contractual requirements that they appear for deposition. *Id.* (noting that the witnesses negotiated and executed new/amended freelance agreements with floragunn in July 2020 (Gustavsson) and September 2020 (Bondarenko)).

regarding the creation and development of that code are "highly relevant to this litigation." *Int'l Swimming League, Ltd. v. Fed'n Internationale de Natation*, No. 18-cv-7393-JSC, 2021 WL 629493, at *3 (N.D. Cal. Jan. 13, 2021); *see also Calgene, Inc. v. Enzo Biochem, Inc.*, No. 93-cv-0195-EJG (GGH), 1993 WL 645999, at *8 (E.D. Cal. Aug. 27, 1993) (finding that patent inventor was managing agent because he had "power regarding the subject matter of the instant litigation, among other facts"); *Botell*, 2013 WL 360410, at *6 (finding that "although [the witness] may not be a higher-up managing agent in the course of his everyday duties for defendant, he is a managing agent for the purpose of providing testimony regarding the [] trail condition in and around the time of the accident, which is extremely relevant to this [wrongful death] litigation").

\* \* \*

For the reasons set forth above, the Court finds that Gustavsson and Bondarenko are managing agents for purposes of taking their depositions pursuant to Rule 30(b)(1).[3]  floragunn is ordered to produce these witnesses for deposition, to be taken via remote video conference, by **May 14, 2021.**

Elastic's request for non-appearance sanctions is denied without prejudice as premature. If either witness fails to appear for deposition, Elastic may renew its sanctions request after meeting and conferring with floragunn.

**IT IS SO ORDERED.**

Dated: May 4, 2021

ALEX G. TSE
United States Magistrate Judge

---

[3] The final determination as to whether Gustavsson and Bondarenko can bind floragunn on any particular issue will be resolved at trial. *See Calderon*, 287 F.R.D. at 634.