DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
JAMES K. ROTHSTEIN (S.B. #267962)
jrothstein@omm.com
DANIEL H. LEIGH (S.B. #310673)
dleigh@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California  94111-3823
Telephone:    +1 415 984 8700
Facsimile:     +1 415 984 8701

Attorneys for Plaintiffs
ELASTICSEARCH, INC. and
ELASTICSEARCH B.V.

KWUN BHANSALI LAZARUS LLP
MICHAEL S. KWUN (SBN 198945)
mkwun@kblfirm.com
555 Montgomery St., Suite 750
San Francisco, CA 94111
Telephone: 415 630-2350
Facsimile: 415 367-1539

WUERSCH & GERING LLP
V. DAVID RIVKIN (admitted *pro hac vice*)
david.rivkin@wg-law.com
JUSTIN P. LEE (admitted *pro hac vice*)
justin.lee@wg-law.com 100 Wall St., 10th Fl.
New York, NY 10005
Telephone: 212 509-5050
Facsimile: 212 509-9559

Attorneys for Defendant
FLORAGUNN GmbH

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELASTICSEARCH, INC., a Delaware corporation, ELASTICSEARCH B.V., a Dutch corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FLORAGUNN GmbH, a German corporation,<br><br>Defendant. | Case No. 4:19-cv-05553-YGR<br><br>**JOINT UPDATED CASE MANAGEMENT STATEMENT**<br><br>Date:      August 9, 2021<br>Time:     9:00 a.m.<br>Dept:      Courtroom 1, 4th Floor<br>Judge:    Hon. Yvonne Gonzalez Rogers |

Pursuant to the Court's March 23, 2021 Order (ECF No. 86), Civil Local Rule 16-10(d), this Court's Standing Order in All Civil Cases, and the Standing Order for All Judges for the Northern District of California, the parties hereby submit this Joint Updated Case Management Statement in advance of the Further Case Management Conference scheduled for August 9, 2021 at 9:00 a.m.

**I.    PROGRESS OR CHANGES SINCE LAST CASE MANAGEMENT CONFERENCE**

The following are material changes in this matter occurring since the last Case Management Conference ("CMC") that occurred on December 16, 2019:

- Defendant floragunn GmbH ("floragunn") filed its Answer to Amended Complaint and Counterclaims on December 24, 2019 (ECF No. 33), Plaintiffs Elasticsearch, Inc. and elasticsearch B.V. (collectively, "Elastic") answered the counterclaims on January 28, 2020 (ECF No. 50), and floragunn amended its Answer and Counterclaim to voluntarily dismiss its second counterclaim with prejudice on March 16, 2021 (*see* ECF Nos. 80, 82).

- The parties have engaged in Settlement Conferences before Magistrate Judge Sallie Kim on February 28, 2020 (ECF No. 52) and May 4, 2021 (ECF No. 98). The parties continue to engage in settlement discussions but have not been able to reach settlement.

- Elastic filed a separate complaint alleging additional instances of infringement and copyright registrations on October 26, 2020 (N.D. Cal. Case No. 4:20-cv-07514-YGR). The Court related the 19-cv-05553-YGR case ("*floragunn I*") and the 20-cv-07514-YGR case ("*floragunn II*") on November 4, 2020 (ECF No. 66). Pursuant to the parties' stipulation, the Court consolidated the *floragunn I* and *floragunn II* cases on November 5, 2020 (ECF No. 67). floragunn filed its Answer to *floragunn II* complaint on December 15, 2020 (ECF No. 71).

- The parties have completed fact discovery, including written discovery and depositions, of the parties and certain third parties. Fact discovery closed on May 14, 2021.

- The parties have exchanged opening, rebuttal, and reply expert reports and have agreed on dates for expert depositions. Expert discovery will conclude by August 13, 2021.

- The parties are currently engaged in discovery disputes before Magistrate Judge Tse relating to Elastic's request for the imposition of sanctions for the purported unavailability for deposition of floragunn's former Chief Technology Officer and two software developers (*see* ECF Nos. 100, 101).
- The parties may file dispositive and *Daubert* motions, which are to be heard by October 12, 2021. Trial is scheduled to begin February 28, 2022.

II.   **JURISDICTION AND SERVICE**

The parties report no material changes since the previous CMC.

III.   **FACTS**

*Plaintiffs' Statement*

Elastic owns and markets the Elastic Stack suite of software products. That suite is centered on the Elasticsearch search and analytics engine and includes the Kibana data visualization tool. Elastic offers a set of security, monitoring, alerting, and reporting features, known as X-Pack, that enhance and extend the Elastic Stack suite of products. Elastic owns the copyrights to the Elasticsearch X-Pack and Kibana X-Pack plugins, as well as the copyrights to the Elasticsearch Shield and Kibana Shield plugins, which are the security plugin predecessors to Elasticsearch X-Pack and Kibana X-Pack. (For convenience, Elastic will refer to these offerings collectively as "X-Pack," except where it is necessary to differentiate them.) floragunn markets and distributes Search Guard, a software product that is intended to compete with X-Pack's security and alerting features.

floragunn copied multiple and critical portions of X-Pack into Search Guard and also created unauthorized derivative works of X-Pack, which it implemented in Search Guard. Elastic's *floragunn I* First Amended Complaint ("FAC") and *floragunn II* Complaint identify a pattern of copying and creation of derivative works spanning from February 2016 to August 2019.

The evidence shows that floragunn accessed Elastic's X-Pack source code: the Search Guard developer Hendrik Saly, who until very recently was floragunn's Chief Technology

Officer, has admitted to decompiling Elasticsearch Shield Java binaries, which were widely distributed over the internet, and Elastic will present expert opinion testimony that floragunn's Search Guard source code shows indicia of having been created through reverse compilation. The evidence also shows that Mr. Saly and other Search Guard developers reviewed and analyzed X-Pack source code, which Elastic made source-available in April 2018.

Elastic also will present expert opinion testimony that the accused portions of floragunn source code are substantially similar to Elastic source code or were derived from Elastic source code and that the asserted X-Pack source code and the accused floragunn source code are not constrained in relevant part. The infringement Elastic has alleged covers critical portions of Search Guard.

Moreover, there are several instances in the accused floragunn's source code that are inconsistent with a theory of independent creation. For example, in one section of copied code, the floragunn developer wrote the comment: "@todo Why the snake case here? What do our permissions look like," indicating that the floragunn developer did not fully understand the code he supposedly wrote.

In another instance, floragunn's source code included a commented-out (i.e., non-functional) list of internal action patterns (i.e., sets of actions that the software permit without the presence of a user). These non-functional, commented out internal action patterns were *identical*, down to the selection and order of the action patterns, to functional Elastic code. Furthermore, Elastic had added two of the copied internal action patterns to allow for the function of Elastic's proprietary Marvel software. There is no reason (and floragunn has not been able to identify any reason) that action patterns meant to allow the function of Marvel should be present in floragunn's code, much less in a commented-out form. The only plausible explanation for the existence of copied, non-functional Elastic code in Search Guard is that floragunn copied its code directly from Elastic's code.

floragunn has further committed contributory copyright infringement by licensing its infringing Search Guard source code to third parties, including Amazon Web Services, Inc.

("AWS"). AWS has incorporated infringing Search Guard code into two of its offerings: Amazon Elasticsearch Service, a paid software-as-a-service version of Elasticsearch and Kibana, and Open Distro for Elasticsearch, a free and open source distribution of Elasticsearch and Kibana.

*Defendant's Statement*

floragunn categorically rejects that it copied any of Elastic's source code. floragunn's Search Guard product is a security "plugin" for Elasticsearch. A plugin is a software component that adds additional functionality to another computer program. Elasticsearch is a search engine based on an open source library called "Lucene." Lucene is owned by the Apache Software Foundation. Like any program that is based on Lucene, Elasticsearch necessarily relies on a variety of code and syntax that was created by the Lucene programmers. Likewise, Elasticsearch also relies on other third-party libraries, such as the open source "Netty" library. This means that substantial portions of the Elasticsearch computer code are not original to Elastic, and instead are derivative of third party code. Elasticsearch is designed specifically to allow the creation of plugins to extend its functionality. Elastic has long documented the specific means that developers should follow when creating Elasticsearch plugins. The requirements for a plugin to operate necessarily constrain the choices made by plugin developers. This is analogous to third-party upgrade kits for physical appliances; for example, a turbocharger for a car necessarily will need to physically mate with the engine of the car, and thus the design choices for a turbocharger for a Corvette will necessarily be constrained by the physical design of a Corvette. Search Guard likewise must behave in certain ways in order for it to operate with Elasticsearch.

Elastic's own X-Pack product likewise is a plugin for Elasticsearch, and thus the design choices for X-Pack were also constrained by the need to operate with Elasticsearch. Just as two turbochargers designed to work with a Corvette will share certain similarities because both must attach to the same engine, Search Guard and X-Pack likewise must share some similarities because both are plugins for the same Elasticsearch product.

Furthermore, Search Guard and X-Pack both provide similar functionality for certain features (though the Search Guard product offers more functionality than Elastic's security plug

1  in). That similarity in functionality acts as a further constraint on the design choices that
2  floragunn and Elastic respectively made in designing their products. Returning to the
3  turbocharger analogy, any turbocharger necessarily will include a turbine—that is because
4  turbochargers use turbines, not because one turbocharger is a copy of another.

5      In addition, there are many "tools of the trade" that are known to many in the developer
6  community, and that draw on tropes common to computer programming. These tropes can result
7  in superficial similarities between independently developed code, especially when the code is
8  reviewed by a lay observer who is not familiar with the common programming conventions that
9  are known to software engineers.

10     Each of the alleged instances of infringement in the complaints in these consolidated
11 actions is without merit because the snippets of source code that Elastic claims were infringed,
12 which together account for a limited number of lines of source code pulled from multiple versions
13 of Search Guard out of more than 60,000 total lines of source code, are simply not protectable by
14 copyright law for, *inter alia*, the reasons set forth above.

15 **IV.  LEGAL ISSUES**
16     At present, the parties identify the following legal issues:

17 • Whether floragunn has infringed Elastic's X-Pack copyrights by copying and/or creating
18    derivative works from Elastic's asserted X-Pack source code.

19 • Whether asserted Elastic source code is not protected by copyright due to the doctrines of
20    merger, *scenes a faire,* and other limiting doctrines.

21 • Whether floragunn has contributorily infringed Elastic's copyrights in X-Pack and the X-Pack
22    Kibana plugin by intentionally inducing and materially contributing to Search Guard users'
23    infringement of Elastic's copyrights in X-Pack and the X-Pack Kibana plugin.

24 • Whether Elastic is entitled to injunctive relief to restrain floragunn's infringing activity.

25 • The nature and amount of damages and attorneys' fees to which Elastic is entitled from
26    floragunn's allegedly infringing activity.

27 • The amount of attorneys' fees to which floragunn may be entitled to the extent that it prevails
28

against Elastic on Elastic's copyright infringement claims.

## V. MOTIONS

The parties have two discovery letters pending before Magistrate Judge Tse. The first discovery letter (ECF No. 100) seeks sanctions for the refusal of two floragunn software developers to appear at their depositions after having been ordered to appear by Magistrate Judge Tse (ECF No. 97). (Elastic had previously sought to compel the two developers' appearance at depositions. *See* ECF Nos. 79, 84, 93.) The second discovery letter (ECF. No. 101) seeks sanctions for what Elastic contends is floragunn's misrepresentation of the unavailability for deposition of its Chief Technology Officer (whose employment floragunn terminated while the motion was pending).

The parties may file *Daubert* motions, as well as motions for summary judgment. Dispositive and *Daubert* motions must be heard by October 12, 2021.

## VI. AMENDMENT OF PLEADINGS

The parties expect no further amendment of pleadings.

## VII. EVIDENCE PRESERVATION

The parties report no material changes since the previous CMC.

## VIII. DISCLOSURES

The parties have complied with the disclosure requirements under Federal Rule of Civil Procedure 26(a). Elastic has served updated disclosures on floragunn throughout this matter and, on March 11, 2021 served its Fourth Amended Initial Disclosures on floragunn. On March 7, 2021, floragunn served its First Amended Initial Disclosures on Elastic. The Initial Disclosures exchanged by the parties included the material required by Federal Rule of Civil Procedure 26(a).

## IX. DISCOVERY AND RULE 26(F) DISCOVERY PLAN

The parties have no currently relevant updates to their discovery plan or other discovery agreements to report. The parties have completed fact discovery, which closed on May 14, 2021.

The parties anticipate completing expert discovery by August 13, 2021. The parties have exchanged opening, rebuttal, and reply expert reports, have propounded subpoenas for production

of documents on expert witnesses, and have agreed on a schedule for expert witness depositions.

X.    **CLASS ACTIONS**

This is not a class action.

XI.    **RELATED CASES**

Case no. 20-cv-07514-YGR is related and has been consolidated with this case.

XII.    **RELIEF**

*Plaintiffs' Statement*

Elastic seeks the following relief:

1. Permanent injunctive relief, including an order restraining and enjoining floragunn and third parties using Search Guard and Search Guard code from further infringement of Elastic's copyrights;

2. Compensatory damages against floragunn, consisting of lost profits from floragunn's copyright infringement and contributory copyright infringement (Elastic has disclosed the amount of damages and the basis thereof to floragunn through Elastic's expert reports, which are marked Attorneys' Eyes Only);

3. To the extent not duplicative, floragunn's profits obtained as a result of its infringing conduct (Elastic has disclosed the amount of profits and the basis thereof to floragunn through Elastic's expert reports, which are marked Attorneys' Eyes Only);

4. Attorneys' fees and costs of suit incurred herein;

5. Interest, including pre-judgment and post-judgment interest, on the forgoing sums; and

6. Any other relief that the Court deems appropriate.

*Defendant's Statement*

floragunn seeks:

1. Judgment in floragunn's favor, denying all of Elastic's claims in their entirety;

2. Attorneys' fees and costs of suit incurred herein; and

3. Any other relief that the Court deems appropriate.

## XIII. SETTLEMENT AND ADR

Pursuant to assignment at the previous CMC, the parties have engaged in Settlement Conferences before Magistrate Judge Sallie Kim on February 28, 2020 (ECF No. 52) and May 4, 2021 (ECF No. 98). The parties have exchanged settlement proposals and continue to engage in settlement discussions but have not been able to reach settlement. The parties anticipate that the completion of expert discovery on August 13, 2021 and the resolution of the discovery motions currently before Magistrate Judge Tse (including any objections thereto) may further clarify the possibility for negotiated settlement. The parties have complied with ADR Local Rule 3-5.

## XIV. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Not all parties consent to magistrate judge jurisdiction for all further proceedings.

## XV. OTHER REFERENCES

The parties do not believe that any references are appropriate.

## XVI. NARROWING OF ISSUES

The parties are not at this time aware of any issues that can be narrowed by agreement.

## XVII. EXPEDITED TRIAL PROCEDURE/SCHEDULE

The parties do not believe that an expedited schedule is appropriate for this case.

## XVIII. SCHEDULING

The remaining deadlines in this case are as follows:

| Event | Date |
| --- | --- |
| Further Case Management Conference | August 9, 2021 at 9:00 a.m. |
| Cut-off for expert discovery | August 13, 2021 |
| Last Day for Hearing on Dispositive Motions / Daubert Motions | October 12, 2021 |
| Compliance Hearing | Friday, January 21, 2022 at 9:01 a.m. |
| Last Day to File Joint Pretrial Conference Statement | January 28, 2022 |
| Pretrial conference | Friday, February 11, 2022 at 9:00 a.m. |
| Trial Date | Monday, February 28, 2022 at 8:00 a.m. for jury trial. |

## XIX. TRIAL

Elastic has demanded a jury trial. The parties at this time anticipate a trial of this matter

JOINT UPDATED CASE
MANAGEMENT STATEMENT
CASE NO. 4:19-CV-05553-YGR

will last no more than one and a half weeks.

## XX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

*Plaintiffs' Statement*

Elastic has filed its Certification of Interested Entities or Persons. Pursuant to the Standing Order for all Judges of the Northern District of California, Elastic restates the contents of its disclosure: Pursuant to Civil L.R. 3-15, Elastic certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Elastic N.V., the parent corporation of Plaintiffs.

*Defendant's Statement*

floragunn filed its Certification of Interested Entities or Persons on November 18, 2019 (ECF No. 15). Pursuant to the Standing Order for all Judges of the Northern District of California, floragunn restates the contents of its disclosure:

Pursuant to Civil L.R. 3-15, floragunn certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Claudia Kressin is the sole shareholder of floragunn GmbH.

## XXI. GUIDELINES FOR PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to abide by these guidelines.

## XXII. OTHER MATTERS

The parties have no other matters to bring to the Court at this time.

Dated: August 2, 2021

DAVID R. EBERHART
JAMES K. ROTHSTEIN
DANIEL H. LEIGH
O'MELVENY & MYERS LLP

By: */s/ David R. Eberhart*
David R. Eberhart

Attorneys for Plaintiffs
ELASTICSEARCH, INC. and
ELASTICSEARCH B.V.

Dated: August 2, 2021

MICHAEL S. KWUN
KWUN BHANSALI LAZARUS LLP

By: */s/ Michael S. Kwun*
Michael S. Kwun

Attorneys for Defendant
FLORAGUNN GMBH

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatory.

Dated: August 2, 2021

*/s/ David R. Eberhart*
David R. Eberhart