**HOGAN LOVELLS US LLP**
Gurtej Singh (Bar No. 286547)
3 Embarcadero Center, Suite 1500
San Francisco, California  94111
Telephone:       (415) 374-2300
Facsimile:        (415) 374-2499
tej.singh@hoganlovells.com

*Attorneys for Non-Party
IBM Corporation*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ELASTICSEARCH, INC., a Delaware corporation, and ELASTICSEARCH B.V., a Dutch corporation , <br><br> Plaintiffs, <br><br> v. <br><br> FLORAGUNN GmbH, a German corporation, <br><br> Defendant. | Case No. 4:19-CV-05553-YGR <br><br> **DECLARATION OF IBM IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF NO. 178)** |

I, Alan Bivens, hereby declare as follows:

1. I am a Director of Data Services at International Business Machines Corporation ("IBM"), a non-party this action. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could testify to such facts under oath.

2. Pursuant to Civil Local Rule 7-11(b) and 79-5(e)(1) and this Court's Standing Order on Administrative Motions to Seal, I submit this declaration in support of Plaintiffs Elasticsearch, Inc. and Elasticsearch B.V. (collectively, "Elastic")'s Administrative Motion to File Under Seal Portions of (1) Plaintiffs' Opposition to Defendant's Motion to Exclude Portions of Testimony of Plaintiffs' Expert Matthew Lynde ("the Lynde Opposition"), and (2) Exhibits 2, 3, 5, 6, 7, 12, 13, and 15 to the Declaration of David R. Eberhart in Support of Plaintiffs' Opposition to Defendant's Motion to Exclude Portions of the Expert Testimony of Plaintiffs' Expert Matthew Lynde (the "Eberhart Declaration") (ECF No. 178) (the "Motion"). Specifically, I submit this declaration in support of sealing Exhibits 5 and 7 to the Eberhart Declaration, which are IBM declarations containing IBM confidential information submitted by IBM pursuant to a subpoena IBM received from Elastic in this matter.

## I. COMPELLING REASONS EXIST TO SEAL THE IDENTIFIED DOCUMENTS AND RELATED PORTIONS OF THE LYNDE OPPOSITION

3. I have reviewed Exhibit 5 to the Eberhart Declaration and recognize it as an IBM declaration I signed on February 22, 2021 (the "February IBM Declaration"), that was submitted in response to a subpoena in this matter and contains a designation of "CONFIDENTIAL". This declaration describes IBM's proprietary technical information about its products that is not generally known to the public. Such data is business sensitive trade secrets, and data of this nature is not made available to the public and is maintained by IBM under appropriate internal controls. Release of this information could cause IBM competitive harm, as its competitors would be able to learn of IBM's competitively useful information they otherwise would not have access to.

4. I have reviewed Exhibit 7 to the Eberhart Declaration and recognize it as an IBM

1  declaration I signed on March 17, 2021 (the "March IBM Declaration"), that was submitted in
2  response to a subpoena in this matter and contains a designation of "HIGHLY CONFIDENTIAL –
3  ATTORNEYS' EYES ONLY".  This declaration describes, and attaches an exhibit, containing
4  proprietary, commercially sensitive and confidential information of IBM relating to data IBM
5  collects and maintains on certain metrics for IBM database software.  Such data is business
6  sensitive trade secrets, and data of this nature is not made available to the public and is maintained
7  by IBM under appropriate internal controls.  Release of this information could cause IBM
8  competitive harm, as its competitors would be able to learn of IBM's competitively useful
9  information they otherwise would not have access to.

10      5.    I have been informed by counsel that certain portions of the Lynde Opposition
11  discuss information from the February IBM Declaration and the March IBM Declaration.  For the
12  same reasons previously articulated, the proposed redacted portions that discuss proprietary,
13  commercially sensitive and confidential information of IBM that, if released publicly, would cause
14  IBM competitive harm.  The proposed redacted information that discuss proprietary, commercially
15  sensitive and confidential information of IBM in the Lynde Opposition are the highlighted
16  portions on:

- Page 1, line 17;
- Page 3, lines 15-16;
- Page 6, lines 17-18, 23, and 24-25;
- Page 10, line 24;
- Page 13, lines 4-7, 11-12, and 13-14; and
- Page 15, lines 19-21 and 21-22.

23      6.    Allowing a competitor to have access to, or possession or knowledge of, the
24  information described in the foregoing IBM declarations (the February IBM Declaration and the
25  March IBM Declaration) and the specified portions of the Lynde Opposition would cause
26  competitive harm to IBM.  Maintaining the confidentiality of this information is essential for IBM

to maintain its competitive advantage. A full, public disclosure of this information would provide IBM's competitors unrestricted access to and knowledge of IBM's proprietary, commercially sensitive, and confidential information, as well as insight into IBM's business strategies. Such unrestricted access or knowledge would allow IBM's competitors to wrongly gain significant advantages in using this information in their products and business strategies.

7. I have been informed by counsel that for sealing documents associated with a dispositive motion there must be "compelling reasons" which favor sealing, but for documents associated with a non-dispositive motion, such as Plaintiffs' Opposition to Defendant's Motion to Exclude Portions of the Expert Testimony of Plaintiffs' Expert Matthew Lynde, there need only be "good cause," with a particularized showing that specific prejudice or harm will result if the information is disclosed. As discussed above, the competitive harm to IBM from the potential release of the February IBM Declaration, the March IBM Declaration, and the specified portions of the Lynde Opposition meet both the "good cause" and the much more stringent "compelling reasons" standard. As such, the February IBM Declaration (Exhibit 5), the March IBM Declaration (Exhibit 7), and the specified portions of the Lynde Opposition should be sealed.

8. IBM engages in significant efforts to preserve the confidentiality of its proprietary and commercially sensitive information, including the IBM information contained in the above-described documents. IBM does not disseminate indiscriminately its proprietary, commercially sensitive, and confidential information. IBM places confidentiality notices on documents containing its proprietary, commercially sensitive, and confidential information and requires third parties to whom disclosure of such information is necessary, such as its customers, to maintain such documents and information under strict protections or to sign non-disclosure agreements before any access is granted to the proprietary, commercially sensitive, and confidential information, including IBM's information reflected in the above-described documents.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 16th day of September, 2021 in Ossining, New York.

*Alan Bivens* (signature)

Alan Bivens, Director Data Services

4

IBM Decl. ISO Motion to Seal
Case No. 4:19-cv-05553-YGR