**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ELASTICSEARCH, INC. AND ELASTICSEARCH B.V.,** | Case No.  4:19-cv-05553-YGR |
| Plaintiffs, | **ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| vs. | **Re: Dkt. Nos. 150, 151** |
| **FLORAGUNN GMBH.,** | |
| Defendant. | |

On May 21, 2021, plaintiffs Elasticsearch, Inc. and Elasticsearch, B,V. (collectively, "Elastic") requested that Magistrate Judge Tse, to whom all discovery disputes in this action have been referred, impose sanctions against defendant floragunn GmbH based on its failure to produce its chief technology officer Hendrik Saly for deposition and its alleged misrepresentation of Mr. Saly's unavailability to appear for a deposition.  (Dkt. No. 101-2.)  On August 2, 2021, Elastic requested discovery in connection with the sanctions request.  (Dkt. No. 129.)  On August 17, 2021, Judge Tse ruled on those discovery requests (Dkt. No. 136), and Elastic now moves for relief from certain of those rulings (Dkt. No. 151).  For the reasons set forth below, the motion for relief from Judge Tse's Discovery Order is **DENIED**.

Elastic alleges that floragunn had no basis to refuse to make Mr. Saly available for deposition during the period from January 28 to February 16, 2021.   (Dkt. No. 151 at 3.)  According to Elastic, Mr. Saly, who floragunn apparently terminated in June 2021, wrote the majority of the accused code and therefore Elastic has consistently sought his testimony in this action.  (*Id.*)  While floragunn provided evidence purportedly establishing Mr. Saly's right to leave and benefits from March 23, 2020 through January 27, 2021 and from February 17, 2021 through May 18, 2021, no such proof exists for the gap period.  (*Id.*)  Elastic submitted to Judge Tse that because floragunn "obstruct[ed] the deposition of the most central witness in this case," "[i]ssue sanctions are the only appropriate remedy to cure floragunn's misconduct."  (Dkt. No. 101-2 at

3.)[1]

To "complete the evidentiary record on the motion for sanctions" (Dkt. No. 151), Elastic requested that Judge Tse order floragunn to produce: (1) all communications with Mr. Saly or Mrs. Saly during the period of Mr. Saly's alleged unavailability; (2) documents sufficient to show the date, time, and length of all telephone conversations between floragunn's co-chief executive officers Jochen Kressin and/or Mrs. Kressin with Mr. Saly and/or Mrs. Saly during the same period; (3) all documents and communications concerning go-ffwd GmbH, a company formed by Mr. Saly and the Kressins, including information relating to go-ffwd's purposes, activities, and/or transactions since its formation; (4) Mr. Kressin for deposition to explore the basis of his declaration at Dkt. No. 127 and other materials; and (5) the procedure previously requested by Elastic at Dkt. No. 115.  (Dkt. No. 129.)

At a discovery hearing conducted on August 17, 2021, Judge Tse granted the first two requests.  With respect to the remaining requests, Judge Tse ruled:

> 3. floragunn need not produce its documents and communications concerning go-ffwd GmbH; Elastic has not convinced the Court that this information is pertinent to the ultimate inquiry regarding sanctions.
>
> 4. Elastic's request that the Court "order a deposition of [Jochen] Kressin to explore the facts underlying [his] declaration, go-ffwd, and the materials floragunn produces in response to Elastic's requests above" is denied without prejudice at this time. Elastic may renew this request, if warranted, after floragunn produces the documents ordered above and after the parties have met and conferred.
>
> 5. The Court declines to order the procedure proposed in Elastic's letter brief at Dkt. 115.

(Dkt. No. 136.)  Elastic objects to Judge Tse's third and fifth rulings.

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'"  *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A)).  This standard is not easily

---

[1]  Specifically, "Elastic requests that the Court instruct the jury that (1) floragunn could have, but refused, to make Mr. Saly available for deposition; and (2) it is established that Mr. Saly accessed the infringed Elastic code and copied from Elastic the twelve specific accused floragunn code segments he 'authored.'"  (Dkt. No. 101-2 at 3.)

United States District Court
Northern District of California

satisfied because it affords the magistrate judge significant deference.  *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court.").  Indeed, "the reviewing court may not simply substitute its judgment for that of the deciding court."  *Grimes*, 951 F.2d at 241.

"The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters."  *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  Thus, the Court will modify or set aside Judge Tse's discovery rulings only if they are clearly erroneous.

With respect to the requested procedure that is the subject of Judge Tse's fifth ruling, Elastic asserts that the "production ordered by Judge Tse may provide sufficient detail regarding Mr. Saly's purported unavailability to be deposed and, thus, might obviate the need for [this request].  However, that production is not yet due.  Consequently, Elastic objects to preserve its rights regarding Judge Tse's decision [denying this request].  A complete evidentiary record regarding [this topic] and purported unavailability is crucial to Elastic's motion for sanctions."  (Dkt. No. 151.)  Judge Tse had given Elastic "two weeks from floragunn's production to evaluate the sufficiency and adequacy of that production.  If there is any dispute arising out of the production, the parties must meet and confer and, if they are unable to resolve their dispute informally, file a joint letter brief."  (Dkt. No. 136 at 2.)  As of the date of this Order, the docket does not reflect a renewed request for Elastic's proposed procedure.  Accordingly, the Court **DENIES** the motion for relief from Judge Tse's ruling on this request.

With respect to the request for documents and communications concerning go-ffwd GmbH that is the subject of Judge Tse's third ruling, Elastic asserts that Judge Tse erred in denying this request because "[i]f Mr. Saly is working for go-ffwd, that is directly relevant to his claimed unavailability . . . ."  (Dkt. No. 151 at 5.)  Judge Tse concluded that "Elastic has not convinced the

Court that this information is pertinent to the ultimate inquiry regarding sanctions." (Dkt. No. 136 at 1.) The Court agrees. It is not at all clear how documents and communications concerning non-party go-ffwd, including information relating to go-ffwd's purposes, activities, and/or transactions since its formation, are relevant to whether floragunn lacked a basis to refuse to make Mr. Saly available for deposition during the period from January 28 to February 16, 2021. The Court concludes that Judge Tse's ruling in this regard is not clearly erroneous and therefore **DENIES** the motion for relief therefrom.

In sum, the motion for relief from Judge Tse's Discovery Order is **DENIED**. Finding good cause, the Court **GRANTS** the motion to seal portions thereof.

This Order terminates Docket Numbers 150 and 151.

**IT IS SO ORDERED.**

Dated: September 24, 2021

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**