DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
JAMES K. ROTHSTEIN (S.B. #267962)
jrothstein@omm.com
DANIEL H. LEIGH (S.B. #310673)
dleigh@omm.com
ASHISH SUDHAKARAN (S.B. #312941)
asudhakaran@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone:    +1 415 984 8700
Facsimile:    +1 415 984 8701

Attorneys for Plaintiffs
ELASTICSEARCH, INC. and
ELASTICSEARCH B.V.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELASTICSEARCH, INC., a Delaware corporation, and ELASTICSEARCH B.V., a Dutch corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FLORAGUNN GmbH, a German corporation,<br><br>Defendant. | Case No. 4:19-cv-05553-YGR<br><br>**DECLARATION OF JAMES K. ROTHSTEIN IN PARTIAL SUPPORT OF DEFENDANT FLORAGUNN GMBH'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, James K. Rothstein, declare as follows:

1. I am an attorney licensed to practice law in the State of California, and I am an attorney at the law firm O'Melveny & Myers LLP, counsel for Plaintiffs Elasticsearch, Inc. and elasticsearch B.V. (collectively, "Elastic" or "Plaintiffs") in the above captioned matter. The following is based on my personal knowledge, and if called as a witness in this matter, I could and would testify under oath thereto.

2. I make this declaration pursuant to Northern District of California Local Rule 79-5(e) in partial support of Defendant floragunn GmbH's ("floragunn") Administrative Motion to File Under Seal (Dkt. 191) portions of floragunn's Reply in Support of Motion to Exclude Portions of Testimony of Plaintiffs' Expert Matthew Lynde ("floragunn's Reply") (Dkt. 192).

3. Elastic joins floragunn's Administrative Motion to File Under Seal (Dkt. 191) in part.

4. Attached as **Exhibit A** to this declaration is a true and correct copy of a declaration by Steven Kearns, Vice President of Product Management for Elastic (the "Kearns Declaration"), submitted for the purpose of complying with Northern District of California Local Rule 79-5(e)(1) and in partial support of floragunn's Administrative Motion to File Under Seal (Dkt. 191) portions of floragunn's Reply (Dkt. 192).

5. When determining whether a *Daubert* motion may be sealed, courts apply the "good cause" standard. *France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-CV-04967-WHO, 2014 WL 4965995, at *1 (N.D. Cal. Oct. 3, 2014) ("Motions regarding the admissibility of evidence at trial, such as motions *in limine* and *Daubert* motions, are generally analyzed under the 'good cause' standard, notwithstanding that they relate to the admissibility of evidence at trial.").

6. Based on the Kearns Declaration and my review of the redacted portions of floragunn's Reply, good cause exists to seal the following portions of floragunn's Reply:

//

//

//

| **floragunn's Reply** ||
|---|---|
| **Document or Portion of Document floragunn Seeks to Seal** | **Elastic's Position and Reasoning on Sealing** |
| Page 1, Lines 3-4 | Elastic joins floragunn's request to seal the last two words of line 3 and the first word of line 4 of this material.<br><br>This information relates to or derives from Elastic's confidential customer information and non-public sales data. It is sensitive competitive information, and its disclosure would harm Elastic and benefit Elastic's competitors.<br><br>This information also relates to or derives from third-party information provided on a confidential basis. floragunn has also provided an independent basis for sealing, and Elastic takes no position regarding floragunn's independent basis. |
| Page 2, Line 27 | Elastic joins floragunn's request to seal the percentage figure in this material.<br><br>This information relates to or derives from Elastic's confidential customer information and non-public sales data. It is sensitive competitive information, and its disclosure would harm Elastic and benefit Elastic's competitors.<br><br>floragunn has provided an independent basis for sealing, and Elastic takes no position regarding floragunn's independent basis. |
| Page 4, Line 4 | Elastic joins floragunn's request to seal this material.<br><br>This information reflects Elastic's confidential internal competitive assessments. Elastic treats this information as sensitive competitive information, and its disclosure would harm Elastic and benefit Elastic's competitors. |
| Page 6, Lines 16-17 | Elastic does not join this portion of floragunn's sealing request. This material is not sealable with respect to any protectable interest of Elastic. |
| Page 6, Line 28 | Elastic does not join this portion of floragunn's sealing request. This material is not sealable with respect to any protectable interest of Elastic. |
| Page 7, Line 7, and Page 7, footnote 1 | Elastic does not join this portion of floragunn's sealing request. This material is not sealable with respect to any protectable interest of Elastic. |
| Page 8, Line 26 | Elastic joins floragunn's request to seal this material.<br><br>This information relates to or derives from Elastic's |

| | |
|---|---|
| | confidential customer information and non-public sales data. It is sensitive competitive information, and its disclosure would harm Elastic and benefit Elastic's competitors.<br><br>floragunn has provided an independent basis for sealing, and Elastic takes no position regarding floragunn's independent basis. |
| Page 9, Lines 12-14 | Elastic does not join this portion of floragunn's sealing request. This material is not sealable with respect to any protectable interest of Elastic. |
| Page 9, Lines 22 and 23 | Elastic joins floragunn's request to seal this material only with respect to the following material: Page 9, Line 22<br><br>This information relates to or derives from Elastic's confidential customer information and non-public sales data. It is sensitive competitive information, and its disclosure would harm Elastic and benefit Elastic's competitors.<br><br>floragunn has provided an independent basis for sealing, and Elastic takes no position regarding floragunn's independent basis. |
| Page 10, Lines 3, 9, and 16 | Elastic joins floragunn's request to seal this material.<br><br>This information relates to or derives from Elastic's confidential customer information and non-public sales data. It is sensitive competitive information, and its disclosure would harm Elastic and benefit Elastic's competitors.<br><br>floragunn has provided an independent basis for sealing, and Elastic takes no position regarding floragunn's independent basis. |

7. As shown in the chart above, floragunn's Reply contains material derived from Elastic's highly confidential financial information, customer and sales information, and assessments of competition, which constitutes good cause to file the specified portions of these documents under seal. *See, e.g.*, *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2014 WL 6664621, at *1 (N.D. Cal. Nov. 24, 2014) (granting motion to seal documents under the higher "compelling reasons" standard where documents contained confidential technical, sales, and financial information); *Rimini St., Inc. v. Oracle Int'l Corp.*, No. 2:14-cv-01699-LRH-PAL, 2016 WL 1384790, at *1 (D. Nev. Apr. 7, 2016) (granting a motion to seal documents under "good cause" standard where the documents "contain[] confidential material,

including references to [plaintiff's] customers and other confidential business and proprietary information"). Public disclosure of this information would cause Elastic competitive and financial harm by allowing competitors to discover non-public information about Elastic's customers, sales, and business strategy.

8. As indicated in the charts above, the proposed redactions are narrowly tailored and limited to portions of floragunn's Reply containing confidential Elastic financial information, customer information, or business strategy information.

9. Pursuant to the Court's Standing Order in Civil Cases, Elastic will submit to the Court an unredacted copy of floragunn's Reply, with highlighting indicating Elastic's narrowed sealing requests. Pursuant to the Court's Standing Order in Civil Cases, Elastic will also submit to the Court a proposed order reflecting Elastic's narrowed sealing requests. Elastic will also serve these documents on floragunn.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on September 27, 2021 at San Francisco, California.

*/s/ James K. Rothstein*
James K. Rothstein