KWUN BHANSALI LAZARUS LLP
MICHAEL S. KWUN (SBN 198945)
mkwun@kblfirm.com
555 Montgomery St., Suite 750
San Francisco, CA 94111
Telephone: 415 630-2350
Facsimile: 415 367-1539


WUERSCH & GERING LLP
V. DAVID RIVKIN (admitted *pro hac vice*)
david.rivkin@wg-law.com
JUSTIN LEE (admitted *pro hac vice*)
justin.lee@wg-law.com
MICHAEL SENZER (admitted *pro hac vice*)
michael.senzer@wg-law.com
100 Wall St., 10th Fl.
New York, NY 10005
Telephone: 212 509-5050
Facsimile: 212 509-9559

Attorneys for Defendant
FLORAGUNN GmbH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ELASTICSEARCH, INC., a Delaware corporation, ELASTICSEARCH B.V., a Dutch corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FLORAGUNN GmbH, a German corporation,<br><br>Defendant. | Case No. 4:19-cv-05553-YGR<br><br>**DECLARATION OF V. DAVID RIVKIN IN PARTIAL SUPPORT OF GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, V. DAVID RIVKIN, declare:

1. I am a partner at Wuersch & Gering LLP and counsel of record for defendant floragunn GmbH ("floragunn"). I make this declaration in partial support of redacting or sealing documents filed under seal pursuant to Plaintiffs' September 28, 2021 Administrative Motion to

File Under Seal (Dkt. No. 202) (the "Sealing Motion"), which relates to Plaintiffs' Reply in Support of Motion to Exclude Portions of the Expert Testimony of Brian Buss (Dkt. No. 203) (the "Buss Reply").

2. Pursuant to this Court's Standing Order in Civil Cases, floragunn joins Plaintiffs' Sealing Motion in part.

3. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the declaration of Jochen Kressin, floragunn's co-CEO, supplied for the purpose of establishing in part the basis upon which floragunn joins Plaintiffs' Sealing Motion (the "Kressin Sealing Declaration").

4. The documents at issue relate to a non-dispositive discovery motion, and thus may be sealed under a showing of good cause, rather than the higher "compelling reasons" standard applicable to dispositive motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

5. Based on the Kressin Sealing Declaration and my review of the proposed redacted portions of the Buss Reply, good cause exists to grant Plaintiffs' Sealing Motion as follows:

| Document or Portion of Document Plaintiffs Seek to Seal[1] | floragunn's Position and Reasoning on Sealing |
|---|---|
| Buss Reply, Memorandum of Points and Authorities ("MPA"), page ii, line 4 (Rothstein Decl. ¶ 3) | Defendant joins this request in its entirety. The requested redaction is necessary in order to shield from public disclosure information that directly relates to and draws upon floragunn's confidential, proprietary, and competitively sensitive business information. The redaction is also necessary to protect information which is confidential, proprietary, and competitively sensitive business information of AWS and/or designated "Highly Confidential – Attorneys' Eyes Only" or "Confidential" by AWS. |
| MPA, page 1, lines 6, 15–17, 21–22, 25 (Rothstein Decl. ¶ 3) | Defendant joins this request as to lines 6, 15–17, and 21–22. The requested redactions are necessary in order to shield from public disclosure information that directly relates to and draws upon |

---

[1] Citations to the "Rothstein Decl." are to the September 28, 2021 *Declaration of James K. Rothstein in Support of Plaintiffs Elasticsearch, Inc. and Elasticsearch B.V.'s Administrative Motion to Seal* (Dkt. 202-1).

DECLARATION OF V. DAVID RIVKIN IN PARTIAL SUPPORT OF PLAINTIFFS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
No. 4:19-cv-05553-YGR -- 2

| | | |
|---|---|---|
| | | floragunn's confidential, proprietary, and competitively sensitive business information. The redactions are also necessary to protect information which is confidential, proprietary, and competitively sensitive business information of AWS and/or designated "Highly Confidential – Attorneys' Eyes Only" or "Confidential" by AWS.<br><br>Defendant does not join Plaintiffs' request to seal line 25. Defendant takes no position on redaction of this material. |
| | MPA, page 1, lines 10–13 (Rothstein Decl. ¶ 3) | Defendant joins this request in its entirety. These redactions are necessary in order to shield from public disclosure findings from Mr. Buss's expert opinion which directly relate to and draw upon floragunn's confidential, proprietary, and competitively sensitive business information. |
| | MPA, page 2, lines 1–4, 10, 16 (Rothstein Decl. ¶ 3) | Defendant joins this request as to lines 2–4.<br><br>These requested redactions are necessary in order to protect from public disclosure floragunn's confidential financial information, proprietary business information, competitively sensitive information, as well as confidential, nonpublic information from AWS, including information designated "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" under the Parties' protective order.<br><br>Defendant does not join Plaintiffs' request to seal lines 1, 10, and 16. Defendant takes no position on redaction of this material. |
| | MPA, page 4, lines 17–21 (Rothstein Decl. ¶ 3) | Defendant joins this request in its entirety. These redactions are necessary in order to shield from public disclosure findings from Mr. Buss's expert opinion which directly relate to and draw upon floragunn's confidential, proprietary, and competitively sensitive business information. |
| | MPA, page 5, line 4 (Rothstein Decl. ¶ 3) | Defendant joins this request in its entirety. This redaction is necessary in order to shield from public disclosure findings from Mr. Buss's expert opinion which directly relate to and draw upon floragunn's confidential, proprietary, and competitively sensitive business information. |

| | |
|---|---|
| MPA, page 5, lines 6–7 (Rothstein Decl. ¶ 3) | Defendant does not join Plaintiffs' request. Defendant takes no position on redaction of this material. |
| MPA, page 5, lines 20–22 (Rothstein Decl. ¶ 3) | Defendant joins this request only as to the percentage figure in line 20. This redaction is necessary to shield from public disclosure findings from Mr. Buss's expert opinion which directly relate to and draw upon floragunn's confidential, proprietary, and competitively sensitive business information.<br><br>Defendant does not otherwise join Plaintiffs' request. Defendant takes no position on redaction of this material. |
| MPA, page 6, lines 19 and 21 (Rothstein Decl. ¶ 3) | Defendant does not join this request. Defendant takes no position on redaction of this material. |
| MPA, page 7, lines 26–27 (Rothstein Decl. ¶ 3) | Defendant does not join this request. Defendant takes no position on redaction of this material. |
| MPA, page 9, lines 2–3 (Rothstein Decl. ¶ 3) | Defendant joins this request in its entirety. These redactions are necessary to shield from public disclosure findings from Mr. Buss's expert opinion which directly relate to and draw upon floragunn's confidential, proprietary, and competitively sensitive business information. |
| MPA, page 10, lines 13–14, 16, 21–24, 28 (Rothstein Decl. ¶ 3) | Defendant joins this request in its entirety. The requested redactions are necessary to shield from public disclosure findings from Mr. Buss's expert opinion which directly relate to and draw upon floragunn's confidential, proprietary, and competitively sensitive business information.<br><br>In addition, Defendant submits that the percentage figures at line 13 of page 10 and line 27 of page 10 should be redacted. Redaction is necessary to shield from public disclosure findings from Mr. Buss's expert opinion which directly relate to and draw upon floragunn's confidential, proprietary, and competitively sensitive business information.  Defendant has highlighted this content for redaction in its submission to the Court. |

| | |
|---|---|
| MPA, page 11, lines 2–5, 20–21 (Rothstein Decl. ¶ 3) | Defendant joins this request as to page 11, lines 2–5. The requested redactions are necessary to shield from public disclosure findings from Mr. Buss's expert opinion which directly relate to and draw upon floragunn's confidential, proprietary, and competitively sensitive business information.<br><br>Defendant does not otherwise join Plaintiffs' request. Defendant takes no position on redaction of this material. |

6.  As shown in the chart above and in the Kressin Sealing Declaration, Plaintiffs' Buss Reply MPA contains floragunn's highly confidential financial information and proprietary business information, thus providing good cause to file under seal the portions of the Buss Reply MPA which Defendant has specified above. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (holding that good cause is demonstrated where a movant seeking a sealing order makes a particularized showing that sealing is warranted to prevent annoyance, embarrassment, oppression, undue burden, or expense); *see also Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014); *Fr. Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-cv-04967-WHO, 2014 WL 4965995, at *1–3 (N.D. Cal. Oct. 3, 2014) (granting motion to seal internal business documents upon finding of good cause). Public disclosure of this information could cause floragunn competitive and financial harm by allowing competitors to discover non-public information about floragunn's finances and business strategy, warranting sealing.

7.  The proposed redactions in which Defendant joins are narrowly tailored and limited to portions of documents containing confidential floragunn information such as financial information or business strategy information.

8.  Pursuant to the Court's Standing Order in Civil Cases, floragunn will submit to the Court an unredacted copy of Plaintiffs' MPA indicating floragunn's proposed narrowed sealing requests. floragunn will also submit a proposed order reflecting these narrowed requests.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on October 4, 2021 at New York, New York

                                         */s/ V. David Rivkin*
                                         V. David Rivkin

**CERTIFICATE OF SERVICE**

I am an attorney with Wuersch & Gering LLP, counsel for Defendant in the above-referenced proceeding. I hereby certify that on October 4, 2021 I caused the foregoing Declaration of V. David Rivkin in Partial Support of Plaintiffs' Administrative Motion to File Under Seal to be served electronically via CM/ECF upon Plaintiffs Elasticsearch, Inc. and Elasticsearch B.V.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Michael Senzer*
　　　　　　　　　　　　　　　　　　　　　　　　Michael Senzer