**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

October 5, 2021

**VIA ECF**

The Honorable Alex G. Tse
San Francisco Courthouse, Courtroom A – 15th Floor
450 Golden Gate Avenue, San Francisco CA 94102

**Re:**   *Elasticsearch, Inc. et al. v. floragunn GmbH (No. 4:19-cv-05553-YGR): Saly Sanctions*

Your Honor:

On August 17, 2021, the Court denied without prejudice Elastic's request for a deposition of Jochen Kressin on specific topics and held that Elastic could renew that request after floragunn produced the documents that the Court ordered produced. Based on floragunn's production and purported gaps in that production, Elastic now renews its request for a deposition of Mr. Kressin. The parties have been unable to agree regarding such a deposition and now submit this joint letter brief.

Elastic requests the Court order a short deposition of floragunn Chief Executive Officer Jochen Kressin to explore the facts underlying floragunn's July 26, 2021 declaration (Dkt. 127), floragunn's communications with Mr. Saly and Mr. Saly's wife regarding Mr. Saly's potential return to work, floragunn's decision to ultimately terminate Mr. Saly in May 2021, and floragunn's production and other communications contained therein.

floragunn submits that no such deposition of Mr. Kressin is warranted since through floragunn's recent production of documents and Mr. Kressin's previously submitted July 26, 2021 declaration Elastic has now been given an adequate opportunity to develop the record with respect to the unavailability and termination of Mr. Saly.

The parties exchanged email correspondence on September 17, 22, 24, and 27 regarding these issues, and met and conferred in good faith by teleconference on September 24, 2021 and October 1, 2021 but were unable to resolve their dispute.

1

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

DAVID R. EBERHART                           V. DAVID RIVKIN
JAMES K. ROTHSTEIN                          JUSTIN LEE
DANIEL H. LEIGH                             MICHAEL SENZER
O'MELVENY & MYERS LLP                       WUERSCH & GERING LLP

                                            MICHAEL S. KWUN
                                            KWUN BHANSALI LAZARUS LLP

By:  */s/ David R. Eberhart*                By:        */s/ V. David Rivkin*
     David R. Eberhart               V. David Rivkin

Attorneys for Plaintiffs                    Attorneys for Defendant
ELASTICSEARCH, INC. and                     FLORAGUNN GmbH
ELASTICSEARCH B.V.

2

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

I.      **Elastic's Position:** floragunn's production in response to the Court's August 17 Order has numerous gaps that undercut Mr. Kressin's July 26, 2021 declaration and raise further questions regarding floragunn's communications with Mr. and Mrs. Saly during the period of Mr. Saly's alleged unavailability. Elastic therefore renews its request for a deposition of Jochen Kressin regarding the subject matter of his declaration and floragunn's recent production.

First, floragunn's production lacks evidence to corroborate Mr. Kressin's declaration and floragunn's representations to the Court regarding its alleged communications with Mr. Saly and Mr. Saly's wife relevant to Elastic's motion for sanctions. floragunn's production contains no evidence to support:

1.  The telephone call Mr. Kressin admits to having with Mr. Saly at some point in January 2021 during which they discussed Mr. Saly's "potential return to work" and that Mr. Kressin described in general terms in his declaration (Dkt. 127 at ¶ 5);

2.  Communications Mr. and Ms. Kressin allegedly had "with Mr. Saly and his wife," on the basis of which floragunn "had a good faith belief that ████████████████ for [Mr. Saly's] leave during the Gap Period would be provided in due course, as in fact [floragunn claims] it ultimately was" (Dkt. 127 at ¶ 7);

3.  Alleged communications between floragunn and Mr. Saly regarding his ██████ during which floragunn would ask "for example, 'When are you coming back?  How are things going?'" (*See* June 11 Hearing Tr. at 39:23-24; *see also* July 9 Hearing Tr. at 18:1-2 (floragunn's counsel representing that floragunn asked Mr. Saly "████████████████ ████████████ and when [he] expect[s] to come back . . . .")); and

4.  The "brief telephone conversation" Mr. Kressin allegedly had with Mr. Saly before Mr. Saly's termination from floragunn on May 21, 2021 (Dkt. 127 at ¶ 15).

There are no written communications whatsoever in floragunn's productions to corroborate the substance or existence of 1 through 4 above. And although floragunn's counsel represented during the parties' September 24, 2021 meet and confer that floragunn's communications regarding ████████████████████ and "check-ins" ████████████████ were verbal phone conversations, the call logs floragunn has produced from the Kressins' phones lack any record of the such conversations, including their date, frequency, length, or the individuals involved. In fact, those logs include only five calls between Mr. Saly and either of the Kressins. Two of those calls occurred prior to commencement of the litigation; the remainder occurred after floragunn terminated Mr. Saly.

Second, floragunn's production contains substantial gaps. Notably, Ms. Kressin's cell phone call log records do not begin until July 7, 2021, and Mr. Kressin's cell phone call log records contain no records between December 31, 2020 and March 19, 2021, which encompasses both the Gap Period as well as January 2021 when Mr. Kressin claims he and Mr. Saly discussed his potential return to work. Elastic requested that floragunn provide a declaration explaining these gaps in floragunn's production, but floragunn declined to do so.

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Third, the records that floragunn *has* produced demonstrate the existence of other communications between the Kressins and Salys that are relevant to the circumstances surrounding Mr. Saly's alleged unavailability and ultimate termination from floragunn:

1. Email communications demonstrate that Mr. Kressin suggested that the Kressins, Mr. Saly, and Mr. Saly's wife take a vacation together to Liechtenstein in early or mid-January 2021. (*See* Exs. A-C, DEF055475, DEF055601, and DEF055665). floragunn's counsel has represented that the trip eventually did not take place, but the records floragunn produced do not establish that contention. Given the proximity of the planned January 2021 trip to both Mr. Kressin's alleged January 2021 conversation with Mr. Saly regarding his potential return to work and the Gap Period during which Mr. Saly did not have a basis to support his ████ leave (January 28-February 16, 2021), details regarding these plans (the basis for the trip, related conversations, logistical details) are relevant to Elastic's motion for sanctions and the question of Mr. Saly's alleged availability during that period to participate in discovery.

2. floragunn's call log records similarly reveal the existence of recent conversations between the Kressins and Mr. Saly during the pendency of Elastic's motion for sanctions and ***more than two months after*** floragunn's May 2021 termination of Mr. Saly's employment at floragunn. Mr. Kressin's cell phone call records show that he had a 32-second conversation with Mr. Saly on August 5, 2021. (Ex.D, DEF055727). Ms. Kressin's cell phone call records show that she had a call with Mr. Saly on July 27, 2021 that lasted nine minutes and thirty-seven seconds. (Ex.E, DEF055735). Such evidence of ongoing and substantial communications between the Kressins and Mr. Saly—months after Mr. Saly's purported termination from floragunn—are relevant to Elastic's contention that floragunn and the Salys continue to maintain an ongoing business relationship outside of floragunn and that the termination of Mr. Saly was timed to impede any deposition or examination the Court might order.

floragunn argues that Elastic already had the opportunity to question Mr. Kressin about conversations about topics 1-4 listed on the prior page "during the more than 25 hours that Mr. Kressin spent being deposed in this case." That argument fails for at least the following reasons. First, as the Court stated during the July 9 hearing, Mr. Kressin "won't have been deposed about the knowledge of [Mr. Saly's] termination" which occurred after the depositions of Mr. Kressin. (July 9 Hearing Tr. at 16:7-8). Second, the Court noted that even after floragunn provided a declaration regarding communications with Mr. Saly regarding his potential return to work or termination it was "fair game" for Elastic to have "an opportunity to depose him about these topics." (July 9 Hearing Tr. at 16:12-19). Third, the absence of any evidence in floragunn's recent production regarding items 1-4 on the prior page increases the need to depose Mr. Kressin to develop a complete record. Fourth, Elastic obviously did not have the benefit of the documents recently produced by floragunn when it deposed Mr. Kressin. And Mr. Kressin was deposed for 25 hours only because floragunn designated him as its ***sole*** Rule 30(b)(6) deponent to testify regarding forty separate Rule 30(b)(6) deposition topics, although other floragunn employees—such as co-CEO Claudia Kressin, COO Mechthild Wetekam, floragunn's former freelance programmers Mikael Gustavsson and Sergii Bondarenko, and Mr. Saly—would likely have been more appropriate designees on many topics.

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**II.     floragunn's Position:**  In response to the Court's August 17, 2021 Order (Dkt. 136), floragunn produced, among other things: (1) all email communications with Mr. Saly or Mr. Saly's wife from March 1, 2020 to the present (the "**Relevant Period**"), including emails from Mr. Kressin and Mrs. Kressin's business and personal email accounts; (2) all communications with the Salys during the Relevant Period on other platforms, including text messages, WhatsApp, RocketChat, Slack and others; and (3) all existing call data from Mr. Kressin and Mrs. Kressin's smartphones[1] to Mr. Saly or Mr. Saly's wife during the Relevant Period. floragunn has not withheld any responsive documents ordered produced by the Court in its August 17 Order, and Elastic does not appear to complain about the adequacy or sufficiency of floragunn's production. Instead, having found no documents or other evidence to support its theory that floragunn sought to prevent Mr. Saly from testifying in this case, Elastic now falsely claims that purported "gaps" in floragunn's production somehow "undercut" Mr. Kressin's July 26, 2021 declaration relating to Mr. Saly's potential return to work and the grounds for his termination from floragunn. Based on this premise, Elastic renews its request to depose Mr. Kressin. floragunn rejects Elastic's characterization that anything in floragunn's production undercuts Mr. Kressin's declaration, and submits that no deposition of Mr. Kressin should be ordered because Elastic has been given an adequate opportunity to develop the record with respect to the unavailability and termination of Mr. Saly.

First, Elastic seizes on the absence of certain call logs from floragunn's production as evidence that there is no corroboration for certain statements made in Mr. Kressin's declaration (*see* Section (I)(1), (2) and (4) above) or for certain representations made by counsel for floragunn (*id*. at (3)) relating to communications with Mr. Saly during the Relevant Period. As has been explained to Elastic on multiple occasions, no call logs exist because itemized phone call records are not available from floragunn's (*i.e.*, the Kressins') telephone carrier, Deutsche Telekom ("**DT**"). floragunn unsuccessfully sought to obtain these call logs from DT. Copies of floragunn's communications with DT on the subject were provided to Elastic as part of the recent document production. The phone records that were produced by floragunn on September 8, 2021 – and to which Elastic refers in this letter – is data extracted from Mr. Kressin and Mrs. Kressin's smartphones. This data represents all the call information stored on the two phone devices during the Relevant Period and represents all the call data available on the devices' storage for that period. floragunn has no knowledge of the criteria that these smartphones employ to maintain call data. Neither the Kressins nor counsel deleted or culled call records or data for the Relevant Period prior to its production. In addition, the tools used to collect the phone data searched for deleted data in the devices. floragunn has no further information about the data stored on the phones.

Elastic further complains that "[t]here are no written communications whatsoever in floragunn's productions to corroborate the substance or existence of" "purported" oral communications between Mr. Kressin and Mr. Saly and his wife listed in Section (I)(1)-(4) above. That may be so, but there is also nothing in the written communications to disprove the substance or existence of the oral communications. Mr. Kressin has already testified about what he recalls about the conversations (in Sections (I)(1)-(3) above), or at the very least, Elastic has had an opportunity to question him about those topics during the more than 25 hours that Mr. Kressin spent being deposed in this case. As for "the brief [] conversation" that Mr. Kressin had with Mr. Saly before

---

[1] These phones are used by the Kressins for business and personal communications.

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

his termination, Mr. Kressin stated in his declaration that the brief call was to let Mr. Saly know that he should expect a letter with notice of his termination. Mr. Kressin confirms that there were no other issues discussed during this short call.  Ordering additional deposition time to answer these questions in the absence of new evidence would not yield different results.

Second, Elastic claims that "substantial gaps" exist in floragunn's production, specifically that Mrs. Kressin's call log does not begin until July 7, 2021 and that Mr. Kressin's call log does not contain records between "December 31, 2020 and March 19, 2021." As explained above, no comprehensive itemized call logs exist because itemized phone records are not available from floragunn's (*i.e.*, the Kressins') telephone carrier. The call data referenced by Elastic above was pulled from the Kressins' smartphones and floragunn has produced all the call information available on the devices during the Relevant Period. floragunn has no information about any gaps in the call logs, and no knowledge of the criteria that these smartphones employ to maintain call data or what could have caused the alleged gaps. floragunn has made clear that none of its personnel nor its counsel deleted or culled call records or data pulled from the devices. floragunn has no further information about the data stored on the phones, and deposing Mr. Kressin on the subject would yield no further information concerning these alleged gaps.

Elastic also mischaracterizes the circumstances surrounding its "request[] that floragunn provide a declaration explaining these gaps in floragunn's production" and that "floragunn declined to do so."  As shown in the email string attached hereto as Exhibit F, on September 24, floragunn responded (in red) to Elastic's September 22 follow-up questions (in blue) concerning floragunn's September 8 production. Elastic asked floragunn to confirm which email accounts in the control of floragunn or its personnel were searched, and whether all communications from the Kressins' personal accounts and other platforms were searched. Elastic further demanded that "[i]f no such communications exist, Elastic requests that floragunn state as much in a declaration."  floragunn fully responded to this request for clarification, providing all the information Elastic requested. As for its request that floragunn's response be in the form of a declaration, floragunn wrote that there is no requirement in the Court's Order or in the Court's rules for floragunn to provide a declaration and further wrote that if Elastic provided authority that supports its request for such a declaration, floragunn would consider it. Not surprisingly, Elastic never provided such authority.

Thereafter, the parties had a meet and confer on September 24, during which Elastic asked for certain additional representations concerning whether any email or messages had been deleted, whether there were other email accounts used to communicate with the Salys, and whether the tools used to collect the smartphone data also searched for deleted data. Elastic requested that floragunn's responses be in the form of a declaration. floragunn again explained that there is no requirement that such responses be in the form of a declaration, and again asked Elastic to provide authority for such a request, which floragunn would consider. Elastic again failed to provide such authority. floragunn, through counsel, provided answers to Elastic's follow up questions on September 27. A copy of that correspondence is attached hereto as Exhibit G.

Third, Elastic further seeks to depose Mr. Kressin on the basis that certain communications produced by floragunn between the Kressins and Mr. Saly and his wife related to a proposed family vacation between the Salys and the Kressins to Liechtenstein in January 2021. The

6

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

vacation never took place. floragunn respectfully submits that deposing Mr. Kressin to ask him about plans to take a family vacation with long-time friends -- that never happened -- is wholly irrelevant to Mr. Saly's ███████████████ at floragunn during the Relevant Period or his subsequent termination.

Finally, Elastic seeks to depose Mr. Kressin because the data pulled from the Kressins' phone devices show that Claudia Kressin had a phone call with Mr. Saly lasting 9 minutes, 34 seconds on July 27, 2021, and that Mr. Saly called Jochen Kressin on August 5, 2021, in a call lasting 32 seconds. Elastic alleges that these calls are "evidence of ongoing and substantial communications between the Kressins and Mr. Saly—months after Mr. Saly's purported termination from floragunn" and are "relevant to Elastic's contention that floragunn and the Salys continue to maintain an ongoing business relationship outside of floragunn" and that "the termination of Mr. Saly was timed to impede any deposition or examination the Court might order."  Two phone calls with Mr. Saly after his termination cannot possibly constitute "evidence of ongoing and substantial communications" or indicate an "ongoing business relationship outside of floragunn." To the best of floragunn's recollection, the nine-minute call on July 27 between Mr. Saly and Mrs. Kressin was to discuss post-employment issues, including the return of his company car. At no time during this call was there a discussion of any "business relationship outside of floragunn," this litigation, or any issue related to depositions or Mr. Saly's availability during the Relevant Period. As to the 32-second call on August 5, that appears to be a call made by Mr. Saly to Mr. Kressin, the substance of which Mr. Kressin does not specifically recall. Mr. Kressin can confirm that during this 32-second call he did not discuss with Mr. Saly any alleged business relationship outside of floragunn, or any issue related to this litigation. Elastic's contention that a further deposition of Mr. Kressin is warranted based on these two phone calls is specious. Based on the foregoing, floragunn opposes Elastic's renewed application to depose Mr. Kressin. floragunn's final proposed compromise is that Elastic withdraw its motion.