**EXHIBIT F**
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**From:** V. David Rivkin
**Sent:** Friday, September 24, 2021 11:58 AM
**To:** Rothstein, James K. <jrothstein@omm.com>; Justin Lee <justin.lee@wg-law.com>
**Cc:** #Elasticsearch-Floragunn <ElasticsearchFloragunn@omm.com>; 'Michael Kwun'
<mkwun@kblfirm.com>; Michael Senzer <michael.senzer@wg-law.com>
**Subject:** RE: Elastic v. floragunn - document production

**<u>HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY</u>**

James,
In advance of our 1 pm ET call, below in <span style="color:red">RED</span> are floragunn's responses to your questions.
Regards,
David

Counsel,

We have reviewed floragunn's September 8 document production in response to Judge Tse's August 17
Discovery Order (Dkt. 136), and we write to raise several issues below with floragunn's
production.  Please provide your availability on Thursday and Friday of this week to meet and confer
regarding these issues.  Pursuant to the August 17 order, if we are unable to resolve these issues
informally, the parties will need to promptly file a joint discovery letter with the Court.

- Judge Tse ordered that "floragunn (including its co-CEOs, Jochen Kressin and Claudia Kressin)
  must produce *'[a]ll communications (including text messages)*with Mr. Saly or Mr. Saly's wife
  during the period of Mr. Saly's alleged unavailability from March 1, 2020 through the present'"
  (emphasis added).  Our review of floragunn's production indicates that floragunn has produced
  communications involving the Kressins <u>only</u> from their floragunn email accounts.  **Please
  confirm which email accounts (1) in the control of floragunn and/or (2) of floragunn
  personnel, including Jochen and Claudia Kressin, were searched for purposes of the
  production?  Did floragunn search for and produce all such communications from the Kressins'
  personal and/or non-floragunn email accounts (e.g., Gmail, Yahoo, Hotmail, etc.) and all other
  communication platforms (e.g., Slack, iMessage, text messages, messages exchanged on
  GitHub and/or Gitlab, etc.)?  If no such communications exist, Elastic requests that floragunn
  state as much in a declaration.**

<span style="color:red">**<u>floragunn response:</u>** floragunn searched for and produced responsive documents from the business
email accounts and personal email accounts of Mr. and Mrs. Kressin, as well as the floragunn business
email accounts of Mr. Saly and his wife during the relevant time period.</span>

<span style="color:red">The email accounts searched were:</span>

<span style="color:red"><u>Jkressin@floragunn.com</u> / <u>jkressin@search-guard.com</u> (Jochen Kressin's business email account)</span>
<span style="color:red"><u>ckressin@floragunn.com</u> /<u>ckressin@search-guard.com</u> (Claudia Kressin's business email account)</span>
<span style="color:red"><u>hsaly@search-guard.com</u> / <u>hsaly@floragunn.com</u> (Hendrik Saly's business email account)</span>
<span style="color:red"><u>[redacted]@search-guard.com</u>  (Hendrik Saly's wife's business email account)</span>
<span style="color:red">████████████████ (Jochen Kressin's personal email account)</span>
<span style="color:red">████████████████ (Claudia Kressin's personal email account)</span>

In addition, floragunn searched for and produced responsive documents from all other communication platforms that were known to be used by Mr. and Mrs. Kressin and floragunn to communicate with Mr. Saly or his wife during the relevant period. These platforms were text messages, WhatsApp messages, and RocketChat communications. floragunn switched from Slack to RocketChat as its principal internal messaging system in late 2019, though some internal floragunn communications continued on Slack. Since Slack was not known to be used to communicate with the Salys during the relevant period, floragunn did not initially search Slack for responsive documents. In the course of responding to Elastic's questions above, floragunn went back to see if any communications with the Salys may have taken place via Slack during the relevant time period. floragunn identified two such communications (one dated March 30, 2020 and one dated November 16, 2020), both of which are enclosed herewith (a Bates-stamped version will follow) . In addition, floragunn checked whether there were any communications with the Salys via GitHub or Gitlab during the relevant time period. No such communications exist. To the best of Mr. and Mrs. Kressin's knowledge, they did not communicate with Mr. Saly or his wife via any other platform during the relevant period.

There is no requirement in Judge Tse's Order or in the Court rules that floragunn provide a declaration to Elastic. Please provide us with the authority that supports your request for such a declaration, and we will consider it.

- Our review of floragunn's production shows that floragunn produced email communications with Mr. Saly only to/from his floragunn email account (hsaly@search-guard.com). **Did floragunn search for and produce email communications from floragunn (including its co-CEOs, Jochen Kressin and Claudia Kressin) to all of Hendrik Saly's email accounts, including all personal and/or non-floragunn email accounts? If not, Elastic requests that floragunn search for and produce such communications.**

**floragunn response:** Yes. floragunn searched personal and business email accounts of Mr. and Mrs. Kressin for emails to or from (or cc / bcc) Mr Saly's known business and personal email accounts during the relevant period and produced all responsive documents. floragunn also searched the business email accounts of Mr. Saly and his wife for all correspondence with floragunn and with Mr. and Mrs. Kressins' personal email accounts during the relevant period.

- Notably, many communications Elastic would expect to see in floragunn's production are conspicuously missing. For instance, Elastic has found no communications between the Kressins and Mr. Saly during the period of Mr. Saly's alleged unavailability from March 1, 2020 through the present that discusses ███████████████████ or possible return to work. The absence of any such check-ins ████████████████ is at odds with Mr. Kressin's representations in his July 26, 2021 declaration that floragunn purportedly was "considering terminating Mr. Saly" as early as August 2020, but "did not do so then in the hope that Mr. Saly would ████████████████ and return to work at floragunn." Indeed floragunn's counsel represented to the Court during the June 11, 2021 hearing that floragunn "on occasion would speak to Mr. Saly . . . for example, 'When are you coming back? How are things going?'" *See* June 11 Hearing Tr. at 39:23-24; *see also* July 9 Hearing Tr. at 18:1-2 (floragunn's counsel indicating that floragunn asked Mr. Saly ████████████████ if [he's] ████████████ and when [he] expect[s] to come back . . . ."). Elastic has found no such email communications in floragunn's productions.

**floragunn response**:  All documents responsive to Judge Tse's order have been produced.  The "check-ins" referenced in the bullet point above were by telephone.  As we have explained, itemized phone records are not available from floragunn's telephone carrier.  The transcript sections referenced above do not refer to written communications, but oral communications, accordingly no such emails exist.  If they did, they would have been produced.

- Elastic has also found no communications between floragunn and the Salys discussing Mr. Saly's ███████████ to support his absence from work during his alleged period of ████████.  Mr. Kressin stated in his declaration that "[***b]ased on communications with Mr. Saly and his wife***, Ms. Kressin and I (and thus floragunn) had a good faith belief that documentation supporting the basis for his leave during the Gap Period would be provided in due course, as in fact it ultimately was," and that "floragunn understood that the absence of a ████████████ for the Gap Period was due in part to administrative procedures related to Mr. Saly switching ████████████" (emphasis added).  **Please point us to these communications in floragunn's production or otherwise provide an explanation for why they are missing.  Such communications are squarely encompassed by the discovery ordered in the Court's August 17 order**.

**floragunn response**:  All documents responsive to Judge Tse's order have been produced.  The communications regarding the subject matter in the bullet point above were by telephone.  ████████ ████████ were provided by regular mail, copies of which and have been produced to Elastic.

- floragunn's production shows that the Kressins were communicating with Mr. and Mrs. Saly on January 1-2, 2021 regarding planning a vacation to Liechtenstein in mid-to-late January 2021 (*see e.g.*, DEF055475, DEF055601, and DEF055665).  floragunn has not produced any email or text communications regarding this trip beyond the emails of January 1-2, 2021 that discuss the Kressins' and Salys' initial planning of the trip.  **Elastic requests that floragunn confirm whether all email and text communications regarding this trip have been produced and further state in a declaration whether the trip took place and if so, that floragunn also provide in the declaration details regarding the vacation, including the location, dates, and individuals in attendance**.  Given the proximity of this trip to the Gap Period and Mr. Kressin's alleged January 2021 conversation with Mr. Saly regarding Mr. Saly's return to work, details regarding the trip are necessary to assess the veracity of floragunn's and Mr. Kressin's representations in Mr. Kressin's July 26, 2021 declaration.

**floragunn response**:  All documents responsive to Judge Tse's order have been produced.  The referenced trip did not take place.

- In a September 20, 2021 email, floragunn's counsel (Justin Lee) stated that the two call log records produced from Mr. and Mrs. Kressins' smartphones (DEF055725 and DEF055735) represented "all the call data that was available on the devices' storage for that period" and that "[n]either the Kressins nor counsel deleted or culled call records or data for the relevant period prior to its production."  Mr. Lee indicated that this explained the absence in the produced call logs of (1) any records of a call between Mr. Kressin and Mr. Saly in or around January 2021 (when Mr. Kressin testified having a phone conversation with Mr. Saly during which he "might" have discussed Mr. Saly's return to work), (2) any calls between Mr. Kressin and Mr. Saly between December 31, 2021 and March 19, 2021, and (3) any calls from Ms. Kressin's phone

before July 27, 2021.  **Please confirm that (1) no backups exist for either of those two devices, (2) no other devices were used by Mr. or Ms. Kressin during the period March 1, 2020 to the present, and (3) no devices provided by floragunn were used by Mr. Kressin, Ms. Kressin, Mr. Saly, or Ms. Saly during the period March 1, 2020 to the present.**

**floragunn response:**  For avoidance of doubt, in response to James Rothsteins's question of whether floragunn has "any information about why [the produced call log records] do not show calls between 12/31/2020-3/19/2021 for Mr. Kressin, or before 7/27/2020 for Ms. Kressin," Justin Lee responded as follows:  "The call records were pulled from Claudia Kressin's and Jochen Kressin's smartphones.  What you received was all the call information that was stored on the devices for the relevant period, and represents all the call data that was available on the devices' storage for that period.  Neither the Kressins nor counsel deleted or culled call records or data for the relevant period prior to its production.  We have no further information about the data stored on the phones.  As to Elastic's three requests for confirmation in the bullet point above, (1) floragunn is unaware of any backups for the phones.  (2) Mr. and Mrs. Kressin do not recall using other phones from March 1, 2020 to the present.  (3) floragunn did not provide phones to Mr. Saly or Ms. Saly during the relevant time period.

- In a September 2, 2021 email, floragunn's counsel (David Rivkin) stated that floragunn's production would include "all text and WhatsApp messages during the relevant time period between either of Mr. Saly or his wife on the one hand and either of Mr. and Mrs. Kressin on the other," but that redactions would be applied on the basis of German privacy law to "information related to minor children," as well as "faces that appear in images in these messages (which are considered PII, and for which floragunn has not obtained consent to disclose)."  Elastic has determined that entire text messages over an extensive period of time have been redacted in floragunn's production:

  - **DEF055797**: All text messages in their entirety between Ms. Kressin and Mr. Saly's wife between August 14, 2019 and February 4, 2020.  None of these message appear to involve redactions applied to images.
  - **DEF055801**: All WhatsApp messages in their entirety between Mr. Kressin and Mr. Saly's wife between October 25, 2016 and February 9, 2020.  None of these message appear to involve redactions applied to images.
  - **DEF055802**: All text messages in their entirety between Ms. Kressin and Mr. Saly between December 8, 2018 and January 30, 2020.  None of these message appear to involve redactions applied to images.
  - **DEF055804**: All text messages in their entirety between Mr. Kressin and Mr. Saly between December 9, 2018 and November 2, 2019.  None of these message appear to involve redactions applied to images.

**Please explain the basis for these redactions.  It is implausible that entire sequences of text messages over such long periods of time would have discussed only "minor children" and necessitated redactions on the basis of German privacy law**.

**floragunn response:**  Judge Tse's August 17, 2021 Order required production of responsive documents "during the period of ████████████████ from March 1, 2020 [.]" The text messages complained of in the bullet point above are dated prior to the relevant time period prescribed in Judge Tse's order.  Accordingly, these text messages were redacted because they are outside of the relevant time

period and are therefore not responsive to Judge Tse's Order.  Redactions to produced documents within the relevant time period are PII-related.

Thank you,
James

WUERSCH & GERING

V. David Rivkin | Partner
Wuersch & Gering LLP | 100 Wall Street, 10th Fl. | New York, NY 10005
212-509-4716 (direct) | 212-509-5050 (firm)
david.rivkin@wg-law.com | www.wg-law.com

This message and any attachments hereto contain confidential information and information which may be subject to the attorney-client privilege. It is intended for the individual or entity named above.  If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also please notify the sender by replying to this message, and then delete it from your system.  Thank you.

 Please consider the environment before printing this e-mail!

**From:** Rothstein, James K. <jrothstein@omm.com>
**Sent:** Wednesday, September 22, 2021 10:18 PM
**To:** Justin Lee <justin.lee@wg-law.com>
**Cc:** #Elasticsearch-Floragunn <ElasticsearchFloragunn@omm.com>; V. David Rivkin <david.rivkin@wg-law.com>; 'Michael Kwun' <mkwun@kblfirm.com>; Michael Senzer <michael.senzer@wg-law.com>
**Subject:** RE: Elastic v. floragunn - document production

Counsel,

We have reviewed floragunn's September 8 document production in response to Judge Tse's August 17 Discovery Order (Dkt. 136), and we write to raise several issues below with floragunn's production.  Please provide your availability on Thursday and Friday of this week to meet and confer regarding these issues.  Pursuant to the August 17 order, if we are unable to resolve these issues informally, the parties will need to promptly file a joint discovery letter with the Court.

- Judge Tse ordered that "floragunn (including its co-CEOs, Jochen Kressin and Claudia Kressin) must produce *'[a]ll communications (including text messages)* with Mr. Saly or Mr. Saly's wife during the period of Mr. Saly's alleged unavailability from March 1, 2020 through the present'"

(emphasis added).  Our review of floragunn's production indicates that floragunn has produced communications involving the Kressins <u>only</u> from their floragunn email accounts.  **Please confirm which email accounts (1) in the control of floragunn and/or (2) of floragunn personnel, including Jochen and Claudia Kressin, were searched for purposes of the production?  Did floragunn search for and produce all such communications from the Kressins' personal and/or non-floragunn email accounts (e.g., Gmail, Yahoo, Hotmail, etc.) and all other communication platforms (e.g., Slack, iMessage, text messages, messages exchanged on GitHub and/or Gitlab, etc.)?  If no such communications exist, Elastic requests that floragunn state as much in a declaration.**

- Our review of floragunn's production shows that floragunn produced email communications with Mr. Saly only to/from his floragunn email account ([hsaly@search-guard.com](mailto:hsaly@search-guard.com)).  **Did floragunn search for and produce email communications from floragunn (including its co-CEOs, Jochen Kressin and Claudia Kressin) to all of Hendrik Saly's email accounts, including all personal and/or non-floragunn email accounts?  If not, Elastic requests that floragunn search for and produce such communications.**

- Notably, many communications Elastic would expect to see in floragunn's production are conspicuously missing.  For instance, Elastic has found no communications between the Kressins and Mr. Saly during the period of Mr. Saly's alleged unavailability from March 1, 2020 through the present that discusses ████████████████████ or possible return to work.  The absence of any such check-ins ███████████ ███████████ is at odds with Mr. Kressin's representations in his July 26, 2021 declaration that floragunn purportedly was "considering terminating Mr. Saly" as early as August 2020, but "did not do so then in the hope that Mr. Saly would ████

6

██████████ and return to work at floragunn." Indeed floragunn's counsel represented to the Court during the June 11, 2021 hearing that floragunn "on occasion would speak to Mr. Saly . . . for example, 'When are you coming back? How are things going?'" *See* June 11 Hearing Tr. at 39:23-24; *see also* July 9 Hearing Tr. at 18:1-2 (floragunn's counsel indicating that floragunn asked Mr. Saly ████████████ ████ if [he's] ████████████ and when [he] expect[s] to come back . . . ."). Elastic has found no such email communications in floragunn's productions.

Elastic has also found no communications between floragunn and the Salys discussing Mr. Saly's ████████████████ to support his absence from work during his alleged period of ████████████.  Mr. Kressin stated in his declaration that "[***b]ased on communications with Mr. Saly and his wife***, Ms. Kressin and I (and thus floragunn) had a good faith belief that documentation supporting the basis for his leave during the Gap Period would be provided in due course, as in fact it ultimately was," and that "floragunn understood that the absence of a ████████████████ for the Gap Period was due in part to administrative procedures related to Mr. Saly switching ████████████████." (emphasis added).  **Please point us to these communications in floragunn's production or otherwise provide an explanation for why they are missing.  Such communications are squarely encompassed by the discovery ordered in the Court's August 17 order**.

- floragunn's production shows that the Kressins were communicating with Mr. and Mrs. Saly on January 1-2, 2021 regarding planning a vacation to Liechtenstein in mid-to-late January 2021 (*see e.g.*, DEF055475, DEF055601, and DEF055665).  floragunn has not produced any email or text communications regarding this trip beyond the emails of January 1-2, 2021 that discuss the Kressins' and Salys' initial planning of the trip.  **Elastic requests that floragunn confirm whether all email and text**

**communications regarding this trip have been produced and further state in a declaration whether the trip took place and if so, that floragunn also provide in the declaration details regarding the vacation, including the location, dates, and individuals in attendance**.  Given the proximity of this trip to the Gap Period and Mr. Kressin's alleged January 2021 conversation with Mr. Saly regarding Mr. Saly's return to work, details regarding the trip are necessary to assess the veracity of floragunn's and Mr. Kressin's representations in Mr. Kressin's July 26, 2021 declaration.

- In a September 20, 2021 email, floragunn's counsel (Justin Lee) stated that the two call log records produced from Mr. and Mrs. Kressins' smartphones (DEF055725 and DEF055735) represented "all the call data that was available on the devices' storage for that period" and that "[n]either the Kressins nor counsel deleted or culled call records or data for the relevant period prior to its production."  Mr. Lee indicated that this explained the absence in the produced call logs of (1) any records of a call between Mr. Kressin and Mr. Saly in or around January 2021 (when Mr. Kressin testified having a phone conversation with Mr. Saly during which he "might" have discussed Mr. Saly's return to work), (2) any calls between Mr. Kressin and Mr. Saly between December 31, 2021 and March 19, 2021, and (3) any calls from Ms. Kressin's phone before July 27, 2021.  **Please confirm that (1) no backups exist for either of those two devices, (2) no other devices were used by Mr. or Ms. Kressin during the period March 1, 2020 to the present, and (3) no devices provided by floragunn were used by Mr. Kressin, Ms. Kressin, Mr. Saly, or Ms. Saly during the period March 1, 2020 to the present.**

- In a September 2, 2021 email, floragunn's counsel (David Rivkin) stated that floragunn's production would include "all text and WhatsApp messages during the relevant time period between either of Mr. Saly or his wife on the one

hand and either of Mr. and Mrs. Kressin on the other," but that redactions would be applied on the basis of German privacy law to "information related to minor children," as well as "faces that appear in images in these messages (which are considered PII, and for which floragunn has not obtained consent to disclose)."  Elastic has determined that entire text messages over an extensive period of time have been redacted in floragunn's production:

- **DEF055797**: All text messages in their entirety between Ms. Kressin and Mr. Saly's wife between August 14, 2019 and February 4, 2020.  None of these message appear to involve redactions applied to images.
- **DEF055801**: All WhatsApp messages in their entirety between Mr. Kressin and Mr. Saly's wife between October 25, 2016 and February 9, 2020.  None of these message appear to involve redactions applied to images.
- **DEF055802**: All text messages in their entirety between Ms. Kressin and Mr. Saly between December 8, 2018 and January 30, 2020.  None of these message appear to involve redactions applied to images.
- **DEF055804**: All text messages in their entirety between Mr. Kressin and Mr. Saly between December 9, 2018 and November 2, 2019.  None of these message appear to involve redactions applied to images.

**Please explain the basis for these redactions.  It is implausible that entire sequences of text messages over such long periods of time would have discussed only "minor children" and necessitated redactions on the basis of German privacy law**.

Thank you,
James

**From:** Justin Lee <justin.lee@wg-law.com>
**Sent:** Monday, September 20, 2021 12:53 PM
**To:** Rothstein, James K. <jrothstein@omm.com>
**Cc:** #Elasticsearch-Floragunn <ElasticsearchFloragunn@omm.com>; V. David Rivkin <david.rivkin@wg-law.com>; 'Michael Kwun' <mkwun@kblfirm.com>; Michael Senzer <michael.senzer@wg-law.com>
**Subject:** RE: Elastic v. floragunn - document production

[EXTERNAL MESSAGE]

Dear James:

The call records were pulled from Claudia Kressin's and Jochen Kressin's smartphones.  What you received was all the call information that was stored on the devices for the relevant period, and represents all the call data that was available on the devices' storage for that period.  Neither the Kressins nor counsel deleted or culled call records or data for the relevant period prior to its production.  We have no further information about the data stored on the phones.

Many thanks,

WUERSCH & GERING

Justin P. Lee | Counsel
Wuersch & Gering LLP | 100 Wall Street, 10th Fl. | New York, NY 10005
212-509-6312 (direct) | 212-509-5050 (firm)
justin.lee@wg-law.com | www.wg-law.com

**From:** 'Rothstein, James K.' via floragunn service <floragunn-service@kblfirm.com>
**Sent:** Friday, September 17, 2021 11:38 PM
**To:** floragunn-service@kblfirm.com
**Cc:** #Elasticsearch-Floragunn <ElasticsearchFloragunn@omm.com>
**Subject:** Elastic v. floragunn - document production

Counsel: We are reviewing your document production of September 8 and have some initial questions about apparent gaps. The call log records you produced do not show any call between Mr. Kressin and Mr. Saly in or around January 2021; in fact his call log appears to show no calls between December 31, 2020 and March 19, 2021. Ms. Kressin's call log does not start before July 27, 2021. Do you have any information about why these records do not show calls between 12/31/2020-3/19/2021 for Mr. Kressin, or before 7/27/2021 for Ms. Kressin?

We anticipate that we will have additional questions regarding the production.

Thank you.

Regards,
James


James K. Rothstein
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Fl.
San Francisco, CA 94111
Office: +1-415-984-8852
iPhone: +1-201-410-1230
jrothstein@omm.com