# EXHIBIT H

1    DAVID R. EBERHART (S.B. #195474)
     deberhart@omm.com
2    JAMES K. ROTHSTEIN (S.B. #267962)
     jrothstein@omm.com
3    DANIEL H. LEIGH (S.B. #310673)
     dleigh@omm.com
4    O'MELVENY & MYERS LLP
     Two Embarcadero Center
5    28th Floor
     San Francisco, California  94111-3823
6    Telephone:     +1 415 984 8700
     Facsimile:     +1 415 984 8701
7
     Attorneys for Plaintiffs
8    ELASTICSEARCH, INC. and
     ELASTICSEARCH B.V
9
                    **UNITED STATES DISTRICT COURT**
10
                   **NORTHERN DISTRICT OF CALIFORNIA**
11
                         **OAKLAND DIVISION**
12

13
     ELASTICSEARCH, INC., a Delaware            Case No. 4:19-cv-05553-YGR
14   corporation, and ELASTICSEARCH B.V., a
     Dutch corporation,                         **PLAINTIFFS ELASTICSEARCH, INC.**
15                                              **AND ELASTICSEARCH B.V.'S FIFTH**
                         Plaintiffs,            **REQUESTS FOR PRODUCTION OF**
16                                              **DOCUMENTS TO DEFENDANT**
          v.                                    **FLORAGUNN GMBH**
17
     FLORAGUNN GmbH, a German corporation,
18
                         Defendant.
19

20

21   PROPOUNDING PARTIES:        PLAINTIFFS ELASTICSEARCH, INC. AND
                                 ELASTICSEARCH B.V.
22
     RESPONDING PARTY:           DEFENDANT FLORAGUNN GMBH
23
     SET NUMBER:                 FIVE (NOS. 100–118)
24

25

26

27

28

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs Elasticsearch, Inc. and elasticsearch B.V. hereby request that Defendant floragunn GmbH ("floragunn") produce the following documents for inspection and copying at the office of O'Melveny & Myers LLP, Two Embarcadero Center, 28th Floor, San Francisco, California 94111, within thirty (30) days of service of these Requests for Production of Documents ("Requests").

## DEFINITIONS

Unless the context indicates otherwise, the following words and phrases have the meanings given:

1.      "floragunn" means and refers to floragunn GmbH and includes without limitation its predecessor and successor companies, its subsidiaries and parent companies, its retailers and affiliates, and any and all of its present and former officers, directors, representatives, agents, employees, attorneys, accountants, investigators, or anyone acting or purporting to act on behalf of any such person.

2.      "Elastic" means and refers to Elasticsearch, Inc., elasticsearch B.V., and Elastic N.V. and includes without limitation their predecessor and successor companies, their subsidiaries and parent companies, their retailers and affiliates, and any and all of their present and former officers, directors, representatives, agents, employees, attorneys, accountants, investigators, or anyone acting or purporting to act on behalf of any such person.

3.      "Amazon" means and refers to Amazon Web Services, Inc. and/or Amazon.com, Inc. and includes without limitation their predecessor and successor companies, their subsidiaries and parent companies, their retailers and affiliates, and any and all of their present and former officers, directors, representatives, agents, employees, attorneys, accountants, investigators, or anyone acting or purporting to act on behalf of any such person.

4.      "Excelerate" means and refers to Excelerate Systems LLC and includes without limitation its predecessor and successor companies, its subsidiaries and parent companies, its retailers and affiliates, and any and all of its present and former officers, directors, representatives, agents, employees, attorneys, accountants, investigators, or anyone acting or purporting to act on behalf of any such person.

5.      "Search Guard" means and refers to any and all products designed or offered by floragunn that are or were intended to interoperate with any Elastic product, including, but not limited to, the community, enterprise, and compliance editions of Search Guard, the Search Guard Kibana plugin, the Search Guard SSL plugin, Search Guard DLS/FLS modules, the Search Guard SSL/TLS tool, any floragunn products that interoperate with such products, all versions (whether current or superseded) of such products, and each component part of such products.

6.      "X-Pack" means and refers to any set of security, alerting, monitoring, reporting, and/or related features that Elastic offers to extend or enhance any Elastic product (including but not limited to Elasticsearch or Kibana), service, or SaaS offering, all versions (whether current or superseded) of such sets of features, and each component part of any such set of features or code comprising any such set of features.

7.      The term "this lawsuit" means and refers to the consolidated Northern District of California Cases Nos. 4:19-cv-05553-YGR and 4:20-cv-07514-YGR.

8.      The term "First Amended Complaint in *floragunn I*" means and refers to Elastic's First Amended Complaint found at ECF No. 23 in Northern District of California Case No. 4:19-cv-05553-YGR.

9.      The term "Complaint in *floragunn II*" means and refers to Elastic's Complaint found at ECF No. 1 in Northern District of California Case No. 4:20-cv-07514-YGR.

10.     The terms "you" and "your" mean and refer to floragunn and include without limitation its predecessor and successor companies, its subsidiaries and parent companies, its retailers and affiliates, and any and all of its present and former officers, directors, representatives, agents, employees, attorneys, accountants, investigators, or anyone acting or purporting to act on behalf of any such person.

11.     The term "document" is used in the broadest possible sense and means all "writings," as defined in Federal Rule of Evidence 1001, and includes, without limitation, all written, typed, printed, drawn, charted, recorded, graphic, photographic, or otherwise preserved writing or communication, including any letter, correspondence, email, text message, electronic

communication, note, book, pamphlet, article, bulletin, directive, review, publication, memorandum, diary, log, test, analysis, study, projection, check, invoice, receipt, bill, purchase order, shipping order, contract, lease, agreement, work paper, calendar, envelope, paper, telephone message, tape, computer tape, computer disc, computer card, recording, videotape, film, microfilm, microfiche, drawing, account, ledger, statement, financial data, and all other writings or communications including all non-identical copies, drafts, and preliminary sketches, no matter how produced or maintained in your actual or constructive possession, custody, or control or of which you have knowledge of the existence, and whether prepared, published, or distributed by you or by any other person or entity. Without limiting the foregoing, the term "document" includes any copy that differs in any respect from the original or other versions of the document, including but not limited to copies containing notations, insertions, corrections, marginal notes, or any other variations.

12.     The terms "communication" and "communications" mean any document that comprises, embodies, reflects, or refers to any transmission of information from one person to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile, electronic mail, instant messaging, or text messaging. "Communication" and "communications" include, without limitation, copies of correspondence, emails and like that are provided to you by others. Any reference to "all communications" refers to all documents that relate to communications.

13.     The terms "relate," or "related" mean directly or indirectly mentioning or describing, regarding, referring to, evidencing, setting forth, identifying, concerning, memorializing, created in connection with or as a result of, commenting on, embodying, evaluating, analyzing, tracking, reflecting, or constituting, in whole or in part, a stated subject matter.

14.     The term "person" or "persons" mean and refer to natural persons, firms, associations, organizations, partnerships, businesses, trusts, limited liability companies, corporations, and public entities.

15.     The words "and" and "or" shall be construed in the conjunctive, disjunctive, or both, whichever makes the Requests more inclusive.

16.     The term "including" means "including, but not limited to."

17.     The terms "all" or "any" means "any, all, each, and every."

18.     The use of the singular shall be deemed to include the plural and the use of the plural shall be deemed to include the singular.

19.     Any pronouns shall be construed to refer to the masculine, feminine, or indeterminate gender, in singular or plural, as in each case is most appropriate.

## **INSTRUCTIONS**

1.     These Requests require you to produce all documents in your actual or constructive possession, custody, or control.

2.     For each document whose production is requested, produce the entire original document, along with any attachments, appendices, and exhibits or other associated documents.

3.     Any source code that is ordinarily maintained in a source code repository should be produced as part of that repository in its entirety (including all metadata, history, documentation, tests, and non-code content), all in the same order or manner of arrangement as the original.

4.     Any documents that are stored or maintained in electronic format must be produced in Tagged Image File Format (TIFF), Portable Document Format (PDF), or native format as appropriate, along with searchable text and the metadata specified herein. For email, provide the following metadata to the extent such metadata can be provided using industry standard eDiscovery technologies and processes: To; From; CC; BCC; SentDate; SentTime; and Subject. For standalone electronic files or attachments to emails, provide the following metadata to the extent such metadata can be provided using industry standard eDiscovery technologies and processes: Author; Custodian; Creation Date; ModifiedDate; and File Name. Notwithstanding the foregoing, produce in native file format (a) any source or object code, code repositories, spreadsheet files, or audio/visual files, along with the searchable text and metadata specified in

PLAINTIFFS' FIFTH
REQUESTS FOR PRODUCTION
CASE NO. 4:19-CV-05553-YGR

this paragraph; and (b) any files that are not reasonably usable when produced in TIFF or PDF (e.g., because they lose substantive information when converted to TIFF or PDF or suffer from adverse formatting changes when converted to TIFF or PDF). All non-native documents should be branded with an appropriate Bates label. For native files, the Bates label should be affixed to a placeholder TIFF or PDF image corresponding to the native file and/or to the file name of the file being produced in native.

5.     Each non-identical copy of a document, whether different from the original because of handwritten notes, marks, attachments, or any other reason, is a separate document that must be produced.

6.     In the event that any document called for by these Requests is known to have been destroyed (either as a result of a document destruction policy or otherwise), those documents or class of documents are to be identified as follows: addressor, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown, or explained, date of destruction, persons authorizing destruction, and persons destroying the document(s).

7.     If a requested document is withheld based on a claim of privilege or for other reasons, please serve the undersigned a privilege log and state with respect to each such withheld document:

a.     the nature or basis of the claim of privilege or other ground for nonproduction;

b.     the names and addresses of all parties to the communication (including all parties who have been copied on the communication);

c.     the date, subject matter, and number of pages of the document; and

d.     the current custodian and present location of the document.

//

//

//

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 100:**

All source code used to create the Search Guard object code identified and/or referenced in DEF033182.

**REQUEST FOR PRODUCTION NO. 101:**

All documents related to the design, development, authorship, or testing of the Search Guard object code identified and/or referenced in DEF033182.

**REQUEST FOR PRODUCTION NO. 102:**

All documents reflecting the results of unit and integration tests floragunn contends were performed for the June 7, 2018 commit 93b491a182c2f8ff4d0b7ac72cb4bda0c6eb12d2 to Search Guard.

**REQUEST FOR PRODUCTION NO. 103:**

To the extent not already produced, all documents supporting any claim that Hendrik Saly is unavailable to be deposed in this lawsuit.

**REQUEST FOR PRODUCTION NO. 104:**

All communications with Amazon related to any actual or contemplated agreements related to Search Guard, including without limitation documents and communications reflecting any negotiations related to any such actual or contemplated agreements and documents and communications related to the performance of any such agreements.

**REQUEST FOR PRODUCTION NO. 105:**

All communications with Deutsche Telekom related to demand for any set of security, alerting, monitoring, reporting, and/or related features that extend or enhance any Elastic product (including but not limited to Elasticsearch or Kibana), service, or SaaS offering.

**REQUEST FOR PRODUCTION NO. 106:**

All documents and communications related to comments on GitHub related to consumer demand for any set of security, alerting, monitoring, reporting, and/or related features that extend

or enhance any Elastic product (including but not limited to Elasticsearch or Kibana), service, or SaaS offering.

**REQUEST FOR PRODUCTION NO. 107:**

To the extent not already produced, all documents and communications related any surveys related to consumer demand for any set of security, alerting, monitoring, reporting, and/or related features that extend or enhance any Elastic product (including but not limited to Elasticsearch or Kibana), service, or SaaS offering.

**REQUEST FOR PRODUCTION NO. 108:**

To the extent not already produced, all documents and communications related any communications between floragunn and any person at conferences related to consumer demand for any set of security, alerting, monitoring, reporting, and/or related features that extend or enhance any Elastic product (including but not limited to Elasticsearch or Kibana), service, or SaaS offering.

**REQUEST FOR PRODUCTION NO. 109:**

To the extent not already produced, all communications with Andreas Riedel related to this lawsuit or any claim or defense in this lawsuit.

**REQUEST FOR PRODUCTION NO. 110:**

All agreements between floragunn and Andreas Riedel related to Andreas Riedel's employment by floragunn or contractor relationship with floragunn, including without limitation any consulting agreements, employment contracts, and termination agreements.

**REQUEST FOR PRODUCTION NO. 111:**

To the extent not already produced, all communications with any insurer of floragunn related to this lawsuit and all documents related to any insurance coverage of floragunn or insurance claim by floragunn related to this lawsuit.

**REQUEST FOR PRODUCTION NO. 112:**

All communications between you and Excelerate related to actual or contemplated agreements with Amazon or Excelerate related to Search Guard, including documents and

communications related to negotiating any actual or contemplated agreements and performance of any agreements.

**REQUEST FOR PRODUCTION NO. 113:**

To the extent not already produced, all communications between you and Excelerate related to Search Guard code that Elastic has identified as infringing (whether in its First Amended Complaint in *floragunn I*, its Complaint in *floragunn II*, or through discovery), including, but not limited to, documents and communications related to support or maintenance services provided by Excelerate.

**REQUEST FOR PRODUCTION NO. 114:**

To the extent not already produced, all press releases, announcements, release notes, and blog posts related to any Search Guard features or versions that are enabled by code that Elastic has identified as infringing (whether in its First Amended Complaint in *floragunn I*, its Complaint in *floragunn II*, or through discovery).

**REQUEST FOR PRODUCTION NO. 115:**

All documents related to any price testing for Search Guard or efforts to determine pricing levels for Search Guard.

**REQUEST FOR PRODUCTION NO. 116:**

All documents related to any actual or contemplated discounts to customers related to Search Guard.

**REQUEST FOR PRODUCTION NO. 117:**

All documents and communications related to any audit or evaluation of Search Guard code performed by Amazon or at Amazon's direction, including without limitation audits and evaluations performed by Black Duck Software, Inc., Synopsys, Inc., and any audit or evaluation referenced in the following blog post: https://aws.amazon.com/blogs/opensource/launching-open-distro-for-elasticsearch-security-features-on-amazon-elasticsearch-service/.

//

//

PLAINTIFFS' FIFTH
REQUESTS FOR PRODUCTION
CASE NO. 4:19-CV-05553-YGR

1   **REQUEST FOR PRODUCTION NO. 118:**

2        All documents related to floragunn's, Excelerate's, or Amazon's reactions to Elastic

3   making certain source code for X-Pack publicly available in April 2018, including any

4   communications between any of floragunn, Excelerate, or Amazon related to Elastic making

5   certain source code for X-Pack publicly available in April 2018.

6

7        Dated:  December 23, 2020

8                               DAVID R. EBERHART

9                               JAMES K. ROTHSTEIN
                            DANIEL H. LEIGH

10                              O'MELVENY & MYERS LLP

11

12                              By:     /s/ David R. Eberhart
                                    David R. Eberhart

13                              Attorneys for Plaintiffs
                            ELASTICSEARCH, INC. and

14                              ELASTICSEARCH B.V.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Daniel H. Leigh, declare: I am over the age of eighteen years and not a party to the within action or proceedings; my business address is: Two Embarcadero Center, 28th Floor, San Francisco, California 94111. On December 23, 2020, I caused to be served the within:

- **PLAINTIFFS ELASTICSEARCH, INC. AND ELASTICSEARCH B.V.'S FIFTH REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FLORAGUNN GMBH; AND**

- **PROOF OF SERVICE**

on counsel for Defendant floragunn GmbH at the following email address: floragunn-service@kblfirm.com.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration, made in conformity with 28 U.S.C. § 1746, was executed at Staunton, Virginia on December 23, 2020.

_/s/ Daniel H. Leigh_

Daniel H. Leigh