# EXHIBIT 3

| | |
|---|---|
| DAVID R. EBERHART (S.B. #195474)<br>deberhart@omm.com<br>JAMES K. ROTHSTEIN (S.B. #267962)<br>jrothstein@omm.com<br>DANIEL H. LEIGH (S.B. #310673)<br>dleigh@omm.com<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center<br>28th Floor<br>San Francisco, California  94111-3823<br>Telephone:     +1 415 984 8700<br>Facsimile:     +1 415 984 8701<br><br>Attorneys for Plaintiffs<br>ELASTICSEARCH, INC. and<br>ELASTICSEARCH B.V. | KWUN BHANSALI LAZARUS LLP<br>MICHAEL S. KWUN (SBN 198945)<br>mkwun@kblfirm.com<br>555 Montgomery St., Suite 750<br>San Francisco, CA 94111<br>Telephone: 415 630-2350<br>Facsimile: 415 367-1539<br><br>WUERSCH & GERING LLP<br>V. DAVID RIVKIN (admitted *pro hac vice*)<br>david.rivkin@wg-law.com<br>JOHN A. SMITTEN (admitted *pro hac vice*)<br>john.smitten@wg-law.com<br>100 Wall St., 10th Fl.<br>New York, NY 10005<br>Telephone: 212 509-5050<br>Facsimile: 212 509-9559<br><br>Attorneys for Defendant<br>FLORAGUNN GmbH |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ELASTICSEARCH, INC., a Delaware corporation, and ELASTICSEARCH B.V., a Dutch corporation,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>FLORAGUNN GmbH, a German corporation,<br><br>　　　　　Defendant. | Case No. 4:19-cv-05553-YGR<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING H. SALY** |

1   Pursuant to Civil Local Rule 7-12, defendant floragunn GmbH ("defendant") and plaintiffs
2   Elasticsearch, Inc. and elasticsearch B.V. ("plaintiffs"), by and through their attorneys of record,
3   stipulate and move as follows:
4       WHEREAS, through this stipulation, the parties seek an order regarding their resolution of
5   a dispute regarding the deposition of Hendrik Saly, the Chief Technology Officer for defendant,
6   who was identified by defendant in its initial disclosures as a material witness;
7       WHEREAS, on November 25, 2020, plaintiffs proposed to defendant a date for Mr. Saly's
8   deposition;
9       WHEREAS, on November 30, 2020, defendant represented to plaintiffs that (1) Mr. Saly
10  was currently on leave from his employment by defendant, (2) Mr. Saly had been on such leave
11  continuously since March 2020, (3) defendant did not know if or when Mr. Saly would return
12  from leave; and (4) defendant is unable to make Mr. Saly available to be deposed unless and
13  until he returns from leave;
14      WHEREAS, defendant (1) has provided plaintiffs with documentation supporting the basis
15  for Mr. Saly's leave through January 27, 2021; and (2) has represented to plaintiffs that
16  (a) additional documentation showing the basis for Mr. Saly's leave for periods past January 27,
17  2021 exist; (b) defendant does not anticipate that Mr. Saly will be able to return from leave to be
18  deposed before March 19, 2021;
19      WHEREAS, plaintiffs contend that they will be unduly prejudiced if defendant's experts
20  rely on information provided by Mr. Saly, because Mr. Saly will not be subject to cross
21  examination;
22      WHEREAS, defendant has represented that (1) Mr. Saly has not provided and will not
23  provide information to defendant's experts; and (2) defendant's experts will not rely on any
24  information from Mr. Saly, whether obtained directly or indirectly, as a basis for any of their
25  opinions or otherwise;
26      WHEREAS, the parties agree and stipulate that, in lieu of plaintiffs moving the Court to
27  order defendant to make Mr. Saly available for deposition or bar use of information from Mr.
28  Saly, and in order to prevent the prejudice to plaintiffs identified above, (1) Mr. Saly shall be

prohibited from providing, either directly or indirectly, any assistance, information, or evidence to any of defendant's testifying expert witnesses in this matter; (2) defendant's testifying experts shall be prohibited from relying on any assistance, information, or evidence provided, directly or indirectly, by Mr. Saly; (3) should Mr. Saly become available to testify at trial, the parties will meet and confer in an effort to agree on procedures that would eliminate prejudice to plaintiffs from Mr. Saly's late availability; but (4) in no event shall defendant's testifying experts rely on any assistance, information, or evidence provided, directly or indirectly, by Mr. Saly; and (5) notwithstanding the foregoing, defendant and its experts shall be permitted to use documents and communications created by, or within the custody of, Mr. Saly, that both (a) predate Mr. Saly's leave from his employment, and (b) were produced by defendant to plaintiffs in this litigation.

NOW, THEREFORE, the parties respectfully request that the Court order that (1) Mr. Hendrik Saly shall be prohibited from providing, either directly or indirectly, any assistance, information, or evidence to any of defendant's testifying expert witnesses in this matter; (2) defendant's testifying experts shall be prohibited from relying on any assistance, information, or evidence provided, directly or indirectly, by Mr. Saly; (3) should Mr. Saly become available to testify at trial, the parties will meet and confer in an effort to agree on procedures that would eliminate prejudice to plaintiffs from Mr. Saly's late availability; but (4) in no event shall defendant's testifying experts rely on any assistance, information, or evidence provided, directly or indirectly, by Mr. Saly; and (5) notwithstanding the foregoing, defendant and its experts shall be permitted to use documents and communications created by, or within the custody of, Mr. Saly, that both (a) predate Mr. Saly's leave from his employment, and (b) were produced by defendant to plaintiffs in this litigation..

IT IS SO STIPULATED.

| | | | |
|---|---|---|---|
| 1 | Dated: February 22, 2021 | | DAVID R. EBERHART |
| 2 | | | JAMES K. ROTHSTEIN |
| | | | DANIEL H. LEIGH |
| 3 | | | O'MELVENY & MYERS LLP |

By: */s/ DRAFT*
David R. Eberhart

Attorneys for plaintiffs
ELASTICSEARCH, INC. and
ELASTICSEARCH B.V.

Dated: February 22, 2021                WUERSCH & GERING LLP
                                        V. DAVID RIVKIN

By: */s/ DRAFT*
V. David Rivkin

Attorneys for defendant
FLORAGUNN GmbH

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I hereby attest that concurrence in the filing of these documents has been obtained from the other signatory.

Dated:   February 22, 2021              */s/ David R. Eberhart*
                                         David R. Eberhart

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____       _____
                                       Hon. Yvonne Gonzales Rogers
                                       United States District Judge