DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
JAMES K. ROTHSTEIN (S.B. #267962)
jrothstein@omm.com
DANIEL H. LEIGH (S.B. #310673)
dleigh@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California  94111-3823
Telephone:    +1 415 984 8700
Facsimile:    +1 415 984 8701

Attorneys for Plaintiffs
ELASTICSEARCH, INC. and
ELASTICSEARCH B.V.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ELASTICSEARCH, INC., a Delaware corporation, and ELASTICSEARCH B.V., a Dutch corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>FLORAGUNN GmbH, a German corporation,<br><br>    Defendant. | Case No. 4:19-cv-05553-YGR (AGT)<br><br>**DECLARATION OF JAMES K. ROTHSTEIN IN SUPPORT OF PLAINTIFFS ELASTICSEARCH, INC. AND ELASTICSEARCH B.V.'S  REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST FLORAGUNN REGARDING HENDRIK SALY**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Alex G. Tse |

PUBLIC REDACTED VERSION

I, James K. Rothstein, declare:

1. I am an attorney at the law firm O'Melveny & Myers LLP and counsel of record for Plaintiffs Elasticsearch, Inc. and Elasticsearch B.V (collectively, "Elastic") in the above captioned matter. I make this declaration based on my own personal knowledge and review of the documents attached hereto. If called as a witness, I could and would testify under oath to the matters set forth herein.

2. On February 9, 2021, I participated in a telephonic meet-and-confer with Justin Lee, counsel for floragunn. On that call, Mr. Lee stated that floragunn's counsel would shortly provide Elastic with ▓▓▓▓ for Hendrik Saly's unavailability for periods after January 27, 2021.

3. On February 9, 2021, my colleague Daniel Leigh, also counsel for Elastic, emailed counsel for floragunn to memorialize Mr. Lee's representations to me and Mr. Leigh during the meet and confer referenced in the prior paragraph. Mr. Leigh wrote in pertinent part: "We understand that there are ▓▓▓▓ establishing Hendrik Saly's ▓▓▓▓ that extend past January 27, 2021, and we understand that you will update us if you do not receive those ▓▓▓▓ by this Thursday." He also wrote: "If I have misunderstood anything, please advise me as soon as possible." On February 10, counsel for floragunn replied in pertinent part: "Many thanks Daniel for the below. This generally reflects my understanding. Just note that with respect to Hendrik's ▓▓▓▓ and the source code from codecentric, I did not commit to having those items by Thursday, but only that I would advise you if I had not received a follow-up from floragunn by then. We have already advised them about those issues (including again just yesterday) and they are working to address them." A true and correct copy of these is attached hereto as **Exhibit 1**.

4. On February 11, counsel for floragunn emailed Mr. Leigh, copying me. Counsel for floragunn wrote in pertinent part: "Separately, with respect to Hendrik Saly's updated ▓▓▓▓ beyond January 27, 2021, we are still in the process of obtaining the ▓▓▓▓ and need to consult with our German counsel in relation to PII issues." floragunn's counsel did not

say that no such certificate existed, only that they were addressing PII (personal identifiable information) regarding the ▮▮▮▮. A true and correct copy of that email is attached hereto as **Exhibit 2**.

5. Attached hereto as **Exhibit 3** is a true and correct copy of Exhibit 169 from the March 1, 2021 deposition of Jochen Kressin in this case.

6. Mr. Saly's deposition was the first deposition that Elastic, or any party, sought in this litigation.

7. The timing of Elastic's request for Mr. Saly's deposition was driven by floragunn's document productions: floragunn only began producing development documents and internal communications on September 18, 2020.

8. On December 1, 2020, my colleague David Eberhart, also counsel for Elastic, emailed counsel for floragunn regarding Mr. Saly. On December 10, I also wrote to counsel for floragunn regarding Mr. Saly's availability for deposition, writing: "Do you have any indication regarding how long Mr. Saly will be unavailable and/or any update on the likelihood that he will be available to be deposed before the close of fact discovery?" A true and correct copy of these emails is attached hereto as **Exhibit 4**.

9. On February 19, 2021, Mr. Leigh served on counsel for floragunn a second notice for a deposition of Mr. Saly. True and correct copies of that email and the notice provided are attached hereto as **Exhibit 5**.

10. While negotiating the stipulation ultimately entered by the Court on February 22 (the "Saly Stipulation"), *see* Dkt. 76, Elastic was not willing to commit to the proposition that, should Mr. Saly become available at a later date, a deposition of Mr. Saly at some undetermined point in the future alone would cure resulting prejudice to Elastic. Elastic had no way to know what would occur over the remaining course of the litigation—including completion of fact discovery, expert discovery, potential summary judgment, and *Daubert* motion practice.

11. Accordingly, Elastic insisted that the Saly Stipulation leave for determination at a future date whether, should Mr. Saly become available at a later date, prejudice to Elastic could be cured by a deposition alone or in conjunction with other means.

12. While negotiating the Saly Stipulation, counsel for Elastic did not think the Court would order Mr. Saly to appear for deposition due to the certificates floragunn had provided and floragunn's repeated representations that Mr. Saly would be unavailable throughout the fact discovery period.

I declare under penalty of perjury that the foregoing is true and correct. Executed this November 29, 2021, at San Francisco, California.

By: /s/ James K. Rothstein
James K. Rothstein