UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELASTICSEARCH, INC., et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>FLORAGUNN GMBH,<br><br>   Defendant. | Case No. 19-cv-05553-YGR  (AGT)<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 139, 147 |

In the parties' penultimate discovery dispute in this matter, Elastic seeks an order compelling floragunn to produce a privileged document that Hendrik Saly (floragunn's now-former Chief Technology Officer) helped create for this litigation in 2019.[1]  Dkts. 139, 147. Elastic premises its request on a theory that floragunn conveyed the contents of that document to its technical expert, Dr. Owen Astrachan, in violation of the parties' Court-approved stipulation regarding Saly's unavailability (Dkt. 76, the "Saly Stip").[2]  Elastic also argues that floragunn has independent obligations under Rule 26(a)(2)(B) to disclose material that Dr. Astrachan relied on or considered in forming his expert opinions.

---

[1] The parties' final discovery dispute before the undersigned also concerns Saly. That dispute is encompassed in Elastic's pending motion for issue sanctions, *see* Dkt. 213, and is addressed in a separate forthcoming order.

[2] The Saly Stip, signed by Judge Gonzalez Rogers on February 25, 2021, memorializes the parties' agreement to restrict Saly's participation in this litigation both as a witness and as a source for expert witnesses "in lieu of [Elastic] moving the Court to order [floragunn] to make Mr. Saly available for deposition or bar use of information from Mr. Saly." Dkt. 76 at 2–3.  More specifically, it prohibits Saly—who went on leave from his floragunn employment in March 2020 and ultimately remained on leave until floragunn terminated him in June 2021—from "providing, either directly or indirectly, any assistance, information, or evidence to any of [floragunn's] testifying expert witnesses in this matter." *Id.* at 3.  It also prohibits floragunn's experts from "relying on any assistance, information, or evidence provided, directly or indirectly, by Mr. Saly." *Id.*  The Saly Stip does not address treatment of attorney-client privilege and/or work product materials and it is also silent as to remedies.

floragunn argues that Elastic "offers nothing more than *speculation* that, in fact, the information in the privileged [document] was conveyed to Prof. Astrachan. It was not, and Elastic's contrary speculation is not a basis for piercing privilege." Dkt. 147 at 4 (emphasis in original). As discussed below, the Court agrees with floragunn that Elastic has failed to establish a factual foundation for the relief it seeks. Elastic's motion is therefore denied.

**A.      Relevant Background**

In September 2019, approximately two weeks after Elastic filed its original complaint, Saly and floragunn's co-CEO Jochen Kressin created a document together, at counsel's request, regarding the origin of the accused floragunn code. That document, which the Court will refer to as the "Saly/Kressin PDF," is the target of Elastic's motion to compel.[3] Elastic claims it "had no way to know until Dr. Astrachan's deposition that floragunn waived privilege and work product protection over the [Saly/Kressin PDF] by communicating [its] contents to Dr. Astrachan." *Id*.

Elastic first learned of the Saly/Kressin PDF in March 2021, when Kressin testified about it at his deposition. Kressin, when asked if Saly had "identif[ied] any material indirectly for [floragunn's] experts," testified that in 2019, right after this lawsuit was filed and at the request of floragunn's attorneys, he and Saly worked "collaboratively on some -- some material that we think would be useful in order to clarify the -- the code and where the code came from in order to make it very clear that there was no code -- no copyrighted code stolen from anyone." Dkt. 147-1, Ex. A (Kressin Dep.) at 86:10–11, 87:9–16. Kressin further testified that he provided the Saly/Kressin PDF to counsel, but he did not know "[i]f and how much of that material was then provided to any other party." *Id.* at 87:17–19.

In July 2021, after Dr. Astrachan submitted an expert report but before he was deposed, he produced his notes from an October 8, 2020 call with Kressin and floragunn's counsel, Michael Kwun. In those notes, Dr. Astrachan wrote: "jochen [Kressin] . . . he's got some *word documents*

---

[3] The parties use competing terms to refer to the 2019 document at issue; floragunn uses the term "Kressin/Saly Document" while Elastic uses the term "Saly Documents." The Court, however, uses the term "Saly/Kressin PDF" because at the hearing on this dispute, floragunn's counsel (Michael Kwun) clarified that "the document in 2019 that was shared with counsel was not a Word document, it was shared with counsel as a PDF."

2

*specific to the claims*. Michael [Kwun] has these, he's talked to me about them, but I haven't seen them. jochen -- wants to talk about these documents." Dkt. 147-1, Ex. B at 7 (emphasis added). During his August 2021 deposition, Dr. Astrachan testified that he had not seen the "Word documents" referenced in his October 2020 notes, nor did he know whether their substance had been discussed with him. *See* Dkt. 147-1, Ex. C (Astrachan Dep.) at 74:23–75:6, 76:13–22.

Elastic, believing that the referenced "Word documents" are the same as the Saly/Kressin PDF, sent floragunn the following email teeing up this dispute:

> Dr. Astrachan's notes from, according to his testimony, an October 8, 2020 conversation indicate that counsel [Michael Kwun] had possession of Word documents specific to Elastic's claims that were created by Jochen Kressin. At his deposition, Dr. Astrachan testified that he did not know whether counsel had shared the content of those Word documents with him.
>
> *These Word documents appear to be the documents that Jochen Kressin testified he created in conjunction with Hendrik Saly*. Mr. Kressin stated that he provided those documents to counsel but, "If and how much of that material was then provided to any other party, I don't have any knowledge about that."
>
> Please produce the document or documents that Hendrik Saly and Jochen Kressin created, so that [Elastic] may determine whether any substance of those documents was provided to Dr. Astrachan.

Dkt. 147-1, Ex. H at 1 (emphasis added).

In response, Kwun, who worked closely with Dr. Astrachan during the expert phase and is familiar with both the Saly/Kressin PDF and the "Word documents," explained to Elastic that "the document that Jochen Kressin referenced in the testimony you cited is a document that was created to assist with the preparation of floragunn's answer to the original complaint [i.e., the Saly/Kressin PDF]. *The Word documents that are referenced in Dr. Astrachan's notes are different documents*." *Id.* (emphasis added). Kwun further informed Elastic that the Saly/Kressin PDF was prepared at the request of, and provided to, floragunn's counsel in mid-September 2019, and has never been shared or discussed with Dr. Astrachan. *See* Dkt. 147 at 5. floragunn accordingly declined Elastic's request to inspect that privileged PDF.

During a subsequent meet and confer, Kwun stated that there is some "overlap" between the Saly/Kressin PDF and Dr. Astrachan's opinions. *Id.* at 3. Specifically, the Saly/Kressin PDF "concludes that no copyright infringement occurred, and that some of the purportedly copied code

3

in the original complaint is trivial," and Dr. Astrachan's report "likewise concludes that no copyright infringement occurred, and that some of the code at issue is trivial."[4] *Id.* at 5. floragunn has stressed, however, that Dr. Astrachan reached his own conclusions regarding noninfringement and triviality and "did not require or rely on information from Mr. Saly." *Id.* Unconvinced, Elastic again proposed that its counsel be allowed to review the Saly/Kressin PDF, without waiver of any privilege, to "test" floragunn's claims. *Id.* at 4. floragunn rejected that proposal and Elastic, relying on the Saly Stip and Rule 26(a)(2)(B), filed the instant motion to compel production of the Saly/Kressin PDF.

## B. Discussion

Both sides agree that this dispute pertains to expert discovery, so the Court begins with Rule 26(a)(2)(B). Under that rule, testifying expert witnesses must provide a report disclosing "the facts or data considered by the witness in forming" their opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii). "The term 'considered' is broadly interpreted, and the party sponsoring the witness must disclose the materials considered by, presented to, or relied upon by a testifying expert in forming his or her opinions," even if such materials are otherwise privileged. *Chinitz v. Intero Real Est. Servs.*, No. 18-cv-05623-BLF, 2020 WL 7391299, at *4 (N.D. Cal. July 22, 2020) (citation omitted); *see also Am.'s Collectibles Network, Inc. v. Sterling Com. (Am.), Inc.*, WL 2602980, at *3 (E.D. Tenn. Apr. 18, 2017) (defining "considered" for Rule 26 purposes as "anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed").

The Rule 26(a)(2)(B) disclosure requirements do not help Elastic here. Elastic does not dispute that "Dr. Astrachan's testimony relies on materials that have been produced," Dkt. 147 at 3, and there is no evidence that Dr. Astrachan "considered" (i.e., received, read, or reviewed) the Saly/Kressin PDF for purposes of Rule 26(a)(2)(B). floragunn's counsel has unequivocally represented to both Elastic and this Court that the Saly/Kressin PDF was not shared or discussed

---

[4] The parties agreed that counsel's statements regarding the Saly/Kressin PDF would not constitute waiver of any privilege or work product protection. Dkt. 147 at 6 n.5.

4

with Dr. Astrachan at any point in time, and Kressin's March 2021 deposition testimony supports this.[5] floragunn's counsel has likewise represented that the "Word documents" referenced in Dr. Astrachan's October 2020 notes are different from the Saly/Kressin PDF. Kwun expressly affirmed these representations, based on his own personal knowledge, at the hearing on this dispute. In particular, Kwun represented to the Court:

> I was present at every meeting Professor Astrachan has had with anyone about floragunn's case. And I have never discussed [the Saly/Kressin PDF] with him. I have never opened that document while I was talking to him, it was never on my screen while I was talking with him, so I know that information was not shared with him at some other time.

Kwun also reiterated that the "Word documents" and the Saly/Kressin PDF are not the same—they "cover different material." And when specifically asked about the admitted "overlap" between the Saly/Kressin PDF and Dr. Astrachan's report, Kwun explained that he raised the issue during the meet and confer because he wanted to take care not to assert anything untrue to Elastic's counsel:

> I said it's not like there's no overlap in concepts in there, and the reason why is because all of these documents -- Professor Astrachan's report, the original notes about responding to the complaint, the other Word documents -- they're are all centered around the same general notion, which is that there is no copyright infringement. And I also brought up the fact that you know -- some of these documents might have mentioned that some of this code that is allegedly copied -- that Elastic says was copied by floragunn -- it's trivial. So there's some overlap, but there's not some overlap *because* Professor Astrachan was told, "oh by the way, I don't know if you noticed, but there's no copyright infringement, and, we know that because Mr. Saly told us that." That's not the case. And it's not the case that Professor Astrachan, who has decades of computer science experience, looked at this code and said, "wow you know this code looks really complicated," and we said "oh no, you know, you should be saying that the code is trivial," and he goes "oh okay, it must be trivial because I've been told that by you." So there is some overlap but

---

[5] Elastic claims that Kressin's testimony that he did not know whether the Saly/Kressin PDF was shared with anyone beyond floragunn's counsel supports compelled disclosure. Dkt. 147 at 2. The Court disagrees. As floragunn points out, Kressin offered this testimony in March 2021, *after* he met with Dr. Astrachan (as reflected in Dr. Astrachan's October 2020 notes), and if Kressin had discussed or shared the Saly/Kressin PDF with Dr. Astrachan, *then he would have known that*. *See id.* at 5 (arguing that "Kressin's testimony that he *did not know* whether the [Saly/Kressin PDF] was discussed with Prof. Astrachan thus supports denying [Elastic's] requested relief") (emphasis in original).

> there's not overlap because the information came from Mr. Saly and then was whitewashed through someone else and then went to Professor Astrachan.

Counsel's representations—which the Court finds credible—support that Dr. Astrachan did not consider the privileged Saly/Kressin PDF in forming his opinions. As a result, and given the absence of any evidence to the contrary, the Court finds that the Saly/Kressin PDF is outside the scope of Rule 26(a)(2)(B).

Elastic's reliance on the Saly Stip as a basis for compelling production fails for similar reasons—namely, Elastic offers no evidence that Saly (or floragunn) impermissibly provided information, directly or indirectly, to Dr. Astrachan in violation of the parties' stipulation. Instead, Elastic speculates that such a conveyance occurred—claiming that "it *appears* that the details communicated to Dr. Astrachan originated with Mr. Saly" and "Dr. Astrachan *likely* used" the Saly/Kressin PDF in forming his opinions—and then argues that the "only way to determine whether Dr. Astrachan relied on or considered information from Mr. Saly is to order production of the [Saly/Kressin PDF]." Dkt. 139 at 2; Dkt. 147 at 3. The Court declines to order production of a privileged document just so Elastic can assess whether, in fact, there has been a violation of the Saly Stip in the first instance.

Elastic's motion to compel production of the Saly/Kressin PDF is denied.

**IT IS SO ORDERED.**

Dated: January 13, 2022

_____
ALEX G. TSE
United States Magistrate Judge