DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
LUANN L. SIMMONS (S.B. #203526)
lsimmons@omm.com
JAMES K. ROTHSTEIN (S.B. #267962)
jrothstein@omm.com
DANIEL H. LEIGH (S.B. #310673)
dleigh@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California  94111-3823
Telephone:     +1 415 984 8700
Facsimile:      +1 415 984 8701

Attorneys for Plaintiffs
ELASTICSEARCH, INC. and
ELASTICSEARCH B.V.

KWUN BHANSALI LAZARUS LLP
MICHAEL S. KWUN (SBN 198945)
mkwun@kblfirm.com
555 Montgomery St., Suite 750
San Francisco, CA 94111
Telephone: 415 630-2350
Facsimile: 415 367-1539

WUERSCH & GERING LLP
V. DAVID RIVKIN (admitted pro hac vice)
david.rivkin@wg-law.com
JUSTIN P. LEE (admitted pro hac vice)
justin.lee@wg-law.com
MICHAEL SENZER (admitted pro hac vice)
michael.senzer@wg-law.com
100 Wall St., 10th Fl.
New York, NY 10005
Telephone: 212 509-5050
Facsimile: 212 509-9559

Attorneys for Defendant
FLORAGUNN GmbH

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ELASTICSEARCH, INC., a Delaware corporation, and ELASTICSEARCH B.V., a Dutch corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FLORAGUNN GmbH, a German corporation,<br><br>Defendant. | Case No. 4:19-cv-05553-YGR<br><br>**STIPULATION AND [PROPOSED] ORDER TO MODIFY CASE SCHEDULE; DECLARATION OF DAVID R. EBERHART** |

Pursuant to Civil Local Rules 6-1(b), 6-2, and 7-12, defendant floragunn GmbH ("defendant") and plaintiffs Elasticsearch, Inc. and elasticsearch B.V. ("plaintiffs"), by and through their attorneys of record, stipulate and move as follows:

WHEREAS, on January 24, 2022, the parties conducted a Settlement Conference before Magistrate Judge Sallie Kim;

WHEREAS, although the case did not settle at the Settlement Conference, Magistrate Judge Kim proposed to the parties that they stipulate to continue the trial date and current case management deadlines to enable further settlement efforts;

WHEREAS, Magistrate Judge Kim scheduled a further Settlement Conference for February 10, 2022 (*see* Dkt. 229);

WHEREAS, pursuant to the Court's Case Management Order, the Pretrial Conference is scheduled for February 11, 2022, and trial is scheduled to commence on February 28, 2022 (Dkt. 86);

WHEREAS, pursuant to the Court's Standing Order Re: Pretrial Instructions In Civil Cases, the parties must file their Joint Pretrial Conference Statement and motions *in limine* by January 28, 2022, file oppositions to motions *in limine* by February 2, 2022, and deliver to the Court their Trial Readiness Binder by February 4, 2022; additionally, pursuant to Federal Rule of Civil Procedure 72(a), plaintiffs must file by February 1, 2022, their motion for relief from the January 18, 2022 non-dispositive pretrial order of Magistrate Judge Alex Tse (Dkt. 226);

WHEREAS, the parties have been diligently preparing for the pretrial conference and trial, including complying with their meet and confer and document exchange obligations under the Court's Standing Order Re: Pretrial Instructions In Civil Cases and, absent an order from the Court altering the schedule, expect that they will comply with each of the deadlines set by the Court's Standing Order Re: Pretrial Instructions In Civil Cases;

WHEREAS, to focus on settlement discussions and conserve resources, the parties respectfully request that the Court (1) vacate the trial date, the Pretrial Conference and the associated deadlines set forth in the Court's Standing Order Re: Pretrial Instructions In Civil Cases, and plaintiffs' deadline to file any motion for relief from the January 18, 2022 non-

1  dispositive pretrial order of the Court (Dkt. 226) and (2) set a status conference to discuss new
2  deadlines and a new trial date should settlement efforts fail;
3       NOW, THEREFORE, the parties submit that good cause exists to alter the schedule and,
4  through their respective counsel, hereby stipulate to and respectfully request that the Court (a)
5  vacate the trial date, the Pretrial Conference, and the associated deadlines set forth in the Court's
6  Standing Order Re: Pretrial Instructions In Civil Cases including the deadlines for filing motions
7  *in limine* and oppositions thereto, for filing the Joint Pretrial Conference Statement, for
8  submitting the Joint Trial Readiness Binder and its contents; (b) continue the date by which
9  plaintiffs must file any motion for relief from the January 18, 2022 non-dispositive pretrial order
10 of the Court (Dkt. 226) to a further date to be set by the Court; and (c) set the matter for a status
11 conference on Monday, February 28, 2022 at 2:00pm.

     IT IS SO STIPULATED.

Dated: January 26, 2022

DAVID R. EBERHART
LUANN L. SIMMONS
JAMES K. ROTHSTEIN
DANIEL H. LEIGH
O'MELVENY & MYERS LLP

By:  /s/ David R. Eberhart
David R. Eberhart

Attorneys for plaintiffs
ELASTICSEARCH, INC. and
ELASTICSEARCH B.V.

Dated: January 26, 2022

WUERSCH & GERING LLP
V. DAVID RIVKIN

By:  /s/ V. David Rivkin
V. David Rivkin

Attorneys for defendant
FLORAGUNN GmbH

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____

_____
Hon. Yvonne Gonzalez Rogers
United States District Judge

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I hereby attest that concurrence in the filing of these documents has been obtained from the other signatory.

Dated:   January 26,, 2022          /s/ David R. Eberhart
                                     David R. Eberhart

**DECLARATION OF DAVID R. EBERHART**

I, David R. Eberhart, hereby declare:

1.      I am a partner at O'Melveny & Myers LLP, counsel of record for plaintiffs Elasticsearch, Inc. and elasticsearch B.V. I make this declaration based on my own personal knowledge. If called as a witness, I could and would testify under oath to the matters set forth herein.

2.      On January 24, 2022, the parties conducted a Settlement Conference before Magistrate Judge Sallie Kim; the case did not settle. At the Settlement Conference, Magistrate Judge Kim proposed to the parties that they stipulate to continue the trial date and current case management deadlines to enable further settlement efforts.

3.      The parties have been diligently preparing for the pretrial conference and trial, including complying with their meet and confer and document exchange obligations under the Court's Standing Order Re: Pretrial Instructions In Civil Cases and, absent an order from the Court altering the schedule, expect that they will comply with each of the deadlines set by the Court's Standing Order Re: Pretrial Instructions In Civil Cases.

4.      If the Court grants the proposed order, the parties will focus on settlement discussions and conserve resources.

5.      There have been the following time modifications in this case: (1) on November 19, 2019, the Court, pursuant to the parties' stipulation, continued the Initial Case Management Conference from December 9, 2019, at 2:00 pm. to December 16, 2019, at 2:00 p.m. (Dkt. No. 18); (2) on December 10, 2019, the Court, pursuant to the parties' stipulation, extended defendant's time to respond to plaintiffs' First Amended Complaint from December 10, 2019 to December 24, 2019, and plaintiffs' time to respond to any counterclaims to January 28, 2020 (Dkt. No. 28); (3) on December 30, 2019, Magistrate Judge Kim, pursuant to the parties' stipulation, continued a telephonic scheduling conference regarding scheduling a settlement conference from January 3, 2020 to January 7, 2020 (Dkt. No. 36); (4) on January 2, 2020, the Court, pursuant to the parties' stipulation, entered additional and modified pretrial deadlines regarding expert disclosures and discovery (Dkt. Nos. 37, 41); (5) on April 8, 2020, the Court,

pursuant to the parties' stipulation, continued the then-existing case management deadlines by 13 weeks in light of the COVID-19 pandemic (Dkt. No. 54); (6) on July 22, 2020, the Court, pursuant to the parties' stipulation, continued the then-existing case management deadlines by approximately 90 days (plus additional time to accommodate intervening holidays) in light of the COVID-19 pandemic (Dkt. No. 59); (7) on November 6, 2020, the Court, pursuant to the parties' stipulation, continued the then-existing case management deadlines by approximately 70 days to complete fact discovery, expanded the expert discovery period by an additional 14 days, and adjusted the case schedule to avoid religious and secular holidays in September 2021, resulting in an extension of certain dates by 105 days, in light of the parties' desire to have a fair and efficient opportunity to conduct fact and expert discovery related to plaintiffs' filing of a new complaint against defendant that has since been consolidated with this case (Dkt. Nos. 66-68); (8) on December 30, 2020, the Court, pursuant to the parties' stipulation, continued the then-existing case management and discovery deadlines by approximately 35 days to complete fact discovery, in light of the parties' efforts to amicably resolve their disputes over redactions in defendant's productions (Dkt. Nos. 72-73); and (9) on March 23, 2021, the Court, pursuant to the parties' stipulation, continued the then-existing case management and discovery deadlines to complete fact discovery in light of witness illness and to permit the parties to meet and confer to reduce or eliminate the discovery disputes that they may have needed to present to the Court (Dkt. No. 86).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this January 26, 2022, at San Francisco, California.

   /s/ David R. Eberhart
   David R. Eberhart